UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EUPHORIC LLC, ET. AL. ) | |
| ) | |
| ) | Case No. 4:25−cv−00023−RK |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| WESTPORT COMMUNUITY ) | |
| IMPROVEMENT DISTRICT, ET. AL. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS MOTION FOR JOINDER OF PARTY DEFENDANTS**

COMES NOW Plaintiffs Euphoric LLC and UniKC LLC, by and through counsel, and pursuant to Fed. R. Civ. P. 20(a)(2)(B) and 19(a) and hereby requests this Court to join to this action as party Defendants, AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development Inc., Murfin, Inc., DB Icehouse, LLC, Joe Niebur and Gregory Mark Bartold. In support of this motion, Plaintiffs state the following:

1. This motion is made timely pursuant to the amended scheduling order.

2. On January 14, 2025, Euphoric, LLC and The Sourze, LLC, filed the underlying Pro Se complaint raising claims of racial discrimination against the Westport Community Improvement District, and the members of the Westport Community Improvement District in their individual and official capacities. (Doc. 1).

3. On February 5, 2025, former counsel David S. Rauzi entered his appearance on behalf of all Plaintiffs. (Doc. 4).

4. On February 7, 2025, former counsel David S. Rauzi filed an amended complaint which added Unikc, LLC, as a Plaintiff, and dropped The Sourze, LLC, as a Plaintiff. (Doc. 16).

1

5. The Sourze, LLC, was terminated from the case on February 7, 2025. (Remark)

6. On February 18, 2025, Plaintiffs' former counsel David S. Rauzi, ***without Plaintiffs authorization***, filed a joint stipulation of dismissal without prejudice, dismissing Defendant Westport Development, LLC., from the original complaint. (Doc. 23).

7. On July 22, 2025, this Court granted Drew Shaders' Motion to Dismiss. (Doc. 99).

8. Plaintiffs assert that the audio recording discovered in the discovery process has led to evidence that makes it necessary to join AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development Inc., and Murfin, Inc., as CID members and board members who have engaged in civil conspiracy through its "Good Neighbor Agreement" and other means, for the purpose of eliminating the threat of strong competitors and Defendants acted to achieve that objective of maximizing profits for their own businesses in the Westport community.

9. Plaintiffs assert that the audio recording discovered in the discovery process has led to evidence that makes it necessary to join AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development Inc., and Murfin, Inc., as CID members and board members who have engaged in civil conspiracy through its "Good Neighbor Agreement" and other means, for the purpose of stopping Black/African American business owner from opening new businesses in the Westport community to achieve the objective of ensuring that the Westport community is predominantly patronized by White/Caucasian patrons, customers, and/or consumers.

10. Plaintiffs assert that the audio recording discovered in the discovery process has led to evidence that makes it necessary to join AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development Inc., and Murfin, Inc., as CID members and board members who have engaged in civil conspiracy through its "Good

Neighbor Agreement" and other means, and took affirmative steps in furtherance of such conspiracy by contacting owners of property in the Westport community and illegally and tortiously interfering with the contract rights of other potential, prospective business owners and service providers.

11. On August 13, 2025, Plaintiff Euphoric, LLC, supplemented its responses to relevant requests for production of documents to disclose the newly discovered audio recording. (Doc 133).

12. Plaintiffs assert that the non-parties are necessary and must be joined because in the absence of AC Westport, LLC, (operating as The Denver Biscuit Company), Allred Inc., Westport Development Inc., and Murfin, Inc., the court cannot accord complete relief among existing parties.

13. Defendant AC Westport, LLC, is and was at all times relevant hereto a foreign limited liability corporation registered in the state of Colorado, operating under the fictious name in the State of Missouri as The Denver Biscuit Company, owned by recently dismissed Defendant Drew Shader, and liable for the acts committed by its agents, managers, or members in furtherance of the conspiracy because their acts were done within the apparent scope of their authority or the course of their employment, and manifests its consent to, or knowingly permits, its agents, managers, or members' exercise of authority, and their actions were done to obtain a benefit for The Denver Biscuit Company.

14. Allred, Inc., is and was at all time relevant hereto a foreign general business for profit corporation registered in the state of Missouri and is liable for the acts committed by Defendant Allred in furtherance of the conspiracy because Allred's acts were done within the apparent scope of his authority or the course of his employment, and Allred, Inc., and manifests

its consent to, or knowingly permits, Allred's exercise of authority, and Allred actions were done to obtain a benefit for Allred, Inc.

15. Allred Holdings, LLC, is and was at all times relevant hereto a limited liability corporation that was formed and registered in the State of Kansas and holds the properties owned and operated by Defendant Brett Allred and Allred, Inc. in the Westport Community. Defendant Allred's acts were done within the apparent scope of his authority or the course of his agency of Allred Holdings, LLC, and Allred Holdings, LLC., manifests its consent to, or knowingly permits, Defendant Allred's exercise of authority, and Defendant Allred's actions were done to obtain a benefit for Allred Holdings, LLC.

16. Defendant DB Icehouse, LLC, is and was at all times relevant hereto a foreign limited liability corporation registered in the state of Colorado, owned and managed by Joe Mark Niebur and Gregory Bartold, with its with its principal place of business located at 1230 St., Tenderfoot Hill Rd., Suite 250, Colorado Springs, CO 80906, listing a registered agent as Steve Coats, 10540 Private Rd., 8945, West Plaines, MO 65775.

17. Defendant, Gregory Bartold (hereinafter "Bartold"), is an individual who resides in the state of Colorado. At all times relevant hereto, Mr. Bartold was and is the managing member and agent of DB Icehouse, LLC, and during the time of the events in the lawsuit, owned the property at 4140 Pennsylvania, Kansas City, MO 64111. Upon information and belief, Mr. Bartold is a White/Caucasian male. Mr. Bartold is sued in his individual capacity, and in his official capacity as the owner, operator and managing member of DB Icehouse, LLC.

18. Defendant, Joe Niebur (hereinafter "Niebur"), is an individual who resides in the state of Colorado. At all times relevant hereto, Mr. Niebur was and is the managing member and agent of DB Icehouse, LLC, and during the time of the events in the lawsuit, owned the property

4

at 4140 Pennsylvania, Kansas City, MO 64111. Upon information and belief, Mr. Niebur is a White/Caucasian male. Mr. Niebur is sued in his individual capacity, and in his official capacity as the owner, operator and managing member of DB Icehouse, LLC.

19. Westport Development, LLC, is and was at all times relevant hereto a foreign limited liability corporation registered in the state of Missouri and is liable for the acts committed by Defendants Hurt and Vos in furtherance of the conspiracy to racially discriminate against Black/African American business owners and patrons because Defendants Hurt's and Vos's acts were done within the scope of their authority or the course of their employment, and Westport Development, LLC, manifests its consent to, or knowingly permits, Defendants Hurt's and Vos's exercise of authority, and their actions were done to obtain a benefit for Westport Development, LLC.

20. Murfin, Inc., is and was at all times relevant hereto a limited liability corporation that was formed and registered in the State of Kansas and holds many properties owned and operated in the Westport Community. Murfin, LLC, is liable for the acts committed by Defendants Hurt and Vos in furtherance of the conspiracy because Murfin, Inc. is the parent company to Westport Development, LLC, and Defendants Hurt's and Vos's actions were done within the scope of their authority or the course of their agency under Murfin, Inc. and as the owners, agents, operators, stockholders, landlords and/or managers of Westport Development.

21. Westport Development, LLC manifests its consent to, or knowingly permits, that Defendant Hurt's and Vos's exercise of authority, and their actions were done to obtain a benefit for Westport Development, LLC, which in turn benefited Murphin, Inc.

22. The property and building located at 427 Westport Road, Kansas City, Missouri 64111 (hereinafter "427 Westport") was managed by Pulse Development, LLC, and is owned, controlled, and/or simultaneously managed by Westport Development, LLC.

23. Defendants Voss and Hurt are the owners, agents, operators, stockholders, landlords and/or managers of Westport Development.

24. On November 25, 2020, The Sourze LLC, owned and operated by Black/ African Americans entered into a lease agreement with Westport Development.

25. Westport Development LLC, acting under the authority of Murfin, Inc. by and through its agents Defendants Hurt and Voss breached its contract with Black/ African American Business owners of The Sourze, LLC because they are Black/ African American.

26. Under d. R. Civ. P. 19(a), the nonparty is necessary and must be joined if:

(A) in that person's absence, the court cannot accord complete relief among existing parties.

27. Under Fed. R. Civ. P. 20(a)(2)(B) a nonparty can be joined if:

(2) *Defendants*. Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

28. Plaintiffs seek to raise the exact claims of racial discrimination against AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Westport Development Inc., and Murfin, Inc., for a series of events that occurred in the Westport Entertainment District. (Exhibit A, Proposed Second Amended Complaint).

29. Joinder is therefore necessary under Rule 19(a) and joinder does not destroy diversity.

30. Permissive Joinder Is Appropriate Under Rule 20(a)(2)(B).

WHEREFORE, Plaintiffs requests this Court to add AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development Inc., and Murfin, Inc., as a party defendants.

Respectfully submitted,

**Cecilia Brown**
**Cecilia Nuby & Associates, LLC**
Missouri Bar Number: 67646
Kansas Bar Number: 78602
Illinois Bar Number: 6346825
117 E. 29TH STREET
Kansas City, Missouri 64108
Phone: (913)-200-7900
Fax: (913) 273-0996
E-mail: Cecilia@NubyLaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2025, the above and foregoing **PLAINTIFFS MOTION FOR JOINDER OF PARTY DEFENDANTS** was served by electron filing with the Court Administrator through the CM/ECF system and by e-mail to the e-mail addresses provided by counsel of record for the parties in this case.

/s/
Attorney for Plaintiff