| | |
|---|---|
| EUPHORIC LLC, ET. AL. ) | |
| ) | |
| ) | Case No. 4:25−cv−00023−RK |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| WESTPORT COMMUNUITY ) | |
| IMPROVEMENT DISTRICT, ET. AL. ) | |
| ) | |
| Defendants. ) | |

### SUGGESTIONS IN SUPPORT OF PLAINTIFFS MOTION FOR JOINDER OF PARTY DEFENDANTS

Plaintiff, Euphoric, LLC ("Euphoric"), by and through its attorney Cecilia J. Brown, joined by Plaintiff Unikc, LLC, hereby respectfully offers these suggestions in support of its Plaintiffs Joint Motion For Joinder Of Party Defendants in support of the suggestions, the Plaintiffs states as follows:

### INTRODUCTION

Plaintiffs are seeking loss of revenue and profits, compensatory damages, and punitive damages for racial discrimination against Defendants premised upon a race-based discrimination conspiracy in Plaintiffs being denied their rights to make and enforce contracts and denied their rights to lease real property in the Westport community in violation of 42 U.S.C. §§ 1981, 1982, 1985(3), and 1986 because of the race of Plaintiffs' owners, Black/African American, and because of a false assumption that Plaintiffs' patrons, customers, and consumers would be Black/African American. This action also seeks declaratory relief, immediate possession of a property in controversy, and damages for breach of a legally binding lease agreements without just cause. The collective actions of the Defendants have and/or will tortiously interfere with Plaintiffs business expectancy over the life of a leases and did detrimentally interfere with Plaintiffs valid and

1

enforceable contracts. The Defendants deny engaging in any unlawful acts, that any such conspiracy with the Westport CID Defendants exists or that Plaintiffs were and continue to be harmed by any act of conspiracy by any Defendant.

**Relevant Facts**

1. This motion is made timely pursuant to the amended scheduling order.

2. On January 14, 2025, Euphoric, LLC and The Sourze, LLC, filed the underlying Pro Se complaint raising claims of racial discrimination against the Westport Community Improvement District, and the members of the Westport Community Improvement District in their individual and official capacities. (Doc. 1).

3. On February 5, 2025, former counsel David S. Rauzi entered his appearance on behalf of all Plaintiffs. (Doc. 4).

4. On February 7, 2025, former counsel David S. Rauzi filed an amended complaint which added Unikc, LLC, as a Plaintiff, and dropped The Sourze, LLC, as a Plaintiff. (Doc. 16).

5. The Sourze, LLC, was terminated from the case on February 7, 2025. (Remark)

6. On February 18, 2025, Plaintiffs' former counsel David S. Rauzi filed a joint stipulation of dismissal without prejudice, dismissing Defendant Westport Development, LLC., from the original complaint. (Doc. 23).

7. On February 21, 2025, Defendants Jeremy Hurt, Matthew Vos, Christie Montague, Kyle Kelly, Pamela Ptacek, Westport Community Improvement District, 4128 Broadway, LLC filed Answers to the Amended Complaint. ( Doc. 24-29, 354).

8. On July 22, 2025, this Court granted Drew Shaders' Motion to Dismiss. (Doc. 99).

9. Plaintiffs assert that the audio recordings discovered in the discovery process has led to evidence that makes it necessary to join AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development, LLC, and Murfin, Inc., as CID members and board members who have engaged in civil conspiracy through its "Good Neighbor Agreement" and other means, for the purpose of eliminating the threat of strong competitors and Defendants acted to achieve that objective of maximizing profits for their own businesses in the Westport community.

10. Plaintiffs assert that the audio recordings discovered in the discovery process has led to evidence that makes it necessary to join AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development, LLC, and Murfin, Inc., as CID members and board members who have engaged in civil conspiracy through its "Good Neighbor Agreement" and other means, for the purpose of stopping Black/African American business owner from opening new businesses in the Westport community to achieve the objective of ensuring that the Westport community is predominantly patronized by White/Caucasian patrons, customers, and/or consumers.

11. Plaintiffs assert that the audio recordings discovered in the discovery process has led to evidence that makes it necessary to join AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development, LLC, and Murfin, Inc., as CID members and board members who have engaged in civil conspiracy through its "Good Neighbor Agreement" and other means, and took affirmative steps in furtherance of such conspiracy by contacting owners of property in the Westport community and illegally and tortiously interfering with the contract rights of other potential, prospective business owners and service providers.

12. Plaintiffs assert that the nonparties are necessary and must be joined because in the absence of AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Westport Development, LLC, and Murfin, Inc., that the court cannot accord complete relief among existing parties.

13. On August 13, 2025, Plaintiff Euphoric, LLC, supplemented its responses to relevant requests for production of documents to disclose the newly discovered audio recording. (Doc 133).

14. AC Westport LLC (operating as The Denver Biscuit Company), is and was at all times relevant hereto a foreign limited liability corporation registered in the state of Colorado and is liable for the acts committed by its agents, managers, or members in furtherance of the conspiracy because their acts were done within the apparent scope of their authority or the course of their employment, and manifests its consent to, or knowingly permits, its agents, managers, or members' exercise of authority, and their actions were done to obtain a benefit for The Denver Biscuit Company.

15. Allred, Inc. is and was at all time relevant hereto a foreign general business for profit corporation registered in the state of Missouri and is liable for the acts committed by Defendant Allred in furtherance of the conspiracy because Allred's acts were done within the apparent scope of his authority or the course of his employment, and Allred, Inc., and manifests its consent to, or knowingly permits, Allred's exercise of authority, and Allred actions were done to obtain a benefit for Allred, Inc.

16. Allred Holdings, LLC, is and was at all times relevant hereto a limited liability corporation that was formed and registered in the State of Kansas and holds some of the properties owned and operated by Defendant Brett Allred and Allred, Inc. in the Westport Community.

Defendant Allred's acts were done within the apparent scope of his authority or the course of his agency of Allred Holdings, LLC, and Allred Holdings, LLC., manifests its consent to, or knowingly permits, Defendant Allred's exercise of authority, and Defendant Allred's actions were done to obtain a benefit for Allred Holdings, LLC.

17. Defendant DB Icehouse, LLC, is and was at all times relevant hereto a foreign limited liability corporation registered in the state of Colorado, owned and managed by Joe Mark Niebur and Gregory Bartold, with its with its principal place of business located at 1230 St., Tenderfoot Hill Rd., Suite 250, Colorado Springs, CO 80906, listing a registered agent as Steve Coats, 10540 Private Rd., 8945, West Plaines, MO 65775.

18. Defendant, Gregory Bartold (hereinafter "Bartold"), is an individual who resides in the state of Colorado. At all times relevant hereto, Mr. Bartold was and is the managing member and agent of DB Icehouse, LLC, and during the time of the events in the lawsuit, owned the property at 4140 Pennsylvania, Kansas City, MO 64111. Upon information and belief, Mr. Bartold is a White/Caucasian male. Mr. Bartold is sued in his individual capacity, and in his official capacity as the owner, operator and managing member of DB Icehouse, LLC.

19. Defendant, Joe Niebur (hereinafter "Niebur"), is an individual who resides in the state of Colorado. At all times relevant hereto, Mr. Niebur was and is the managing member and agent of DB Icehouse, LLC, and during the time of the events in the lawsuit, owned the property at 4140 Pennsylvania, Kansas City, MO 64111. Upon information and belief, Mr. Niebur is a White/Caucasian male. Mr. Niebur is sued in his individual capacity, and in his official capacity as the owner, operator and managing member of DB Icehouse, LLC.

20. Westport Development, LLC, is and was at all times relevant hereto a foreign limited liability corporation registered in the state of Missouri and is liable for the acts committed

by Defendants Hurt and Vos in furtherance of the conspiracy to racially discriminate against Black/African American business owners and patrons because Defendants Hurt's and Vos's acts were done within the scope of their authority or the course of their employment, and Westport Development, LLC, manifests its consent to, or knowingly permits, Defendants Hurt's and Vos's exercise of authority, and their actions were done to obtain a benefit for Westport Development, LLC.

21. Murfin, Inc., is and was at all times relevant hereto a limited liability corporation that was formed and registered in the State of Kansas that holds many properties owned and operated in the Westport Community. Murfin, LLC, is liable for the acts committed by Defendants Hurt and Vos in furtherance of the conspiracy because Murfin, Inc. is the parent company to Westport Development, LLC, and Defendants Hurt's and Vos's actions were done within the scope of their authority or the course of their agency under Murfin, Inc. and as the owners, agents, operators, stockholders, landlords and/or managers of Westport Development.

22. Westport Development, LLC, manifests its consent to, or knowingly permits, that Defendant Hurt's and Vos's exercise of authority, and their actions were done to obtain a benefit for Westport Development, LLC, which in turn benefited Murphin, Inc.

23. The property and building located at 427 Westport Road, Kansas City, Missouri 64111 (hereinafter "427 Westport") was managed by Pulse Development, LLC, and is owned, controlled, and/or simultaneously managed by Westport Development, LLC.

24. Defendants Voss and Hurt are the owners, agents, operators, stockholders, landlords and/or managers of Westport Development, LLC.

25. On November 25, 2020, The Sourze LLC, owned and operated by Black/African Americans entered into a lease agreement with Westport Development.

26. Westport Development, LLC, acting under the authority of Murfin, Inc. by and through its agents Defendants Hurt and Voss breached its contract with Black/ African American Business owners of The Sourze, LLC because they are Black/ African American.

27. Under Federal Rule 19(a), the nonparty is necessary and must be joined if:

(A) in that person's absence, the court cannot accord complete relief among existing parties.

28. Plaintiffs seek to raise the exact claims of racial discrimination against AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Westport Development Inc., Murfin, Inc., DB Icehouse, LLC, Joe Niebur and Gregory Mark Bartold for a series of events that occurred in the Westport Entertainment District.

## Suggestions in Support of Argument

Pursuant to Rule 19(a)(1), a party is necessary "because of its relationship to the matter under consideration," *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014), if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

"A party might be necessary under either 19(a)(1)(A) or (B)." *Home Buyers Warranty Corp.*, 750 F.3d at 434. The moving party has the burden to show that the absent party is necessary under Rule 19. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). However, the Court should apply neither prong of Rule 19 as a "procedural formula." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n.16 (1968).

# I. Non-Parties Are Necessary Parties Because The Claims Ultimately Turn On Actions Taken By The Non-Parties.

Plaintiffs argue that AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development Inc., Murfin, Inc., DB Icehouse, LLC, Joe Niebur and Gregory Bartold are necessary parties because the claims ultimately turn on actions taken by the non-parties. *Two Shields v. Wilkinson*, 790 F.3d 791, 797 (8th Cir. 2015) (suggesting that a party would be required if it "emerges as an active participant in the allegations made in the complaint that are critical to the disposition of the important issues in the litigation.") (quoting *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843 (11th Cir. 1999)).

Specifically, the Amended Complaint includes numerous allegations regarding CID members, CID board members and property owners engaging in civil conspiracy for the purpose of; (1) eliminating the threat of strong competitors and Defendants acted to achieve that objective of maximizing profits for their own businesses in the Westport community; (2) stopping Black/African American business owner from opening new businesses in the Westport community to achieve the objective of ensuring that the Westport community is predominantly patronized by White/Caucasian patrons, customers, and/or consumers; and (3) engaging in civil conspiracy and taking affirmative steps in furtherance of such conspiracy by contacting owners of property in the Westport community and illegally and tortiously interfering with the contract rights of other potential, prospective business owners and service providers.

## A. The Court Cannot Accord Complete Relief Among Existing Parties.

Plaintiffs assert that the nonparties are necessary and must be joined because in the absence of AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development Inc., Murfin, Inc., DB Icehouse, LLC, Joe Niebur and Gregory Bartold that the court cannot accord complete relief among existing parties. Plaintiff's proffer

material evidence of audio recordings[1], witness interviews and text messages from agents of the listed non-parties stating the following:

a) "a group of property owners in the Westport community have formulated a plan to make several strategic moves to prevent "problematic" business owners/operators from existing in Westport, and for the purpose of eliminating "problematic" people from patronizing the Westport."

b) "Using caterers, they're not subject to our rules, which means we're going to be on you-- you make one step out of bounds we're going to be turning you in to regulated industries, health department, it can get really bad…"

c) "…For establishments that are bars or restaurants that have a regular liquor license, and I will tell you in advance, if you have a caterer, and I don't know if it's a state statute or city ordinance, but they can only be in your establishment so many times before they have to be on premises licenses. So the on premises license is when our rules kick in, in addition to the city and our rules potentially are, I've got them here, ours is a written agreement, contractual agreement and basically you're agreeing that if you violate these you'll surrender your license and if you don't we'll go after you and seek damages and you pay us for all our cost and it's written pretty one-sided but it's the only way that our property owners are going to sign the consents so that's just the way it works."

d) "Every new business that sells alcohol, restaurant or bars, that comes to Westport, and this has been the case since 2013, signs one of these (Good Neighbor Agreements)".

e) "We go after them with a vengeance because when we don't have a contractual agreement, we do everything we can to put them out of business"

---

[1] This audio recording evidence has been disclosed to all Defendants that have propounded discovery from Plaintiff Euphoric, LLC in its fourth supplemental production of documents. (Doc. 133).

9

Case 4:25-cv-00023-RK    Document 137    Filed 08/14/25    Page 9 of 17

f) "Those are the requirements if you get into what we call a good neighbor agreement with us, but it's a contractual obligation and in exchange we would sign the consents and encourage our other property owners to sign the consents, and we've been fortunate since we started doing this in 2013, that 99 percent of the property owners down here won't sign a consent for a liquor license of any kind even beer and wine unless we have a good neighbor agreement in place."

g) "…you're not going to have problems because most of them are scared, they know the rules, they know how close we come sometimes, and plus they don't want to fight, they're going to play by the rules."

Plaintiffs seek to raise the substantially similar claims of racial discrimination against AC Westport, LLC, (operating as The Denver Biscuit Company), Allred Inc., Westport Development, LLC, Murfin, Inc., DB Icehouse, LLC Joe Niebur, and Gregory Mark Bartold for a series of events that occurred in the Westport Entertainment District.

A necessary party should be ordered into the action. *See Owens-Illinois, Inc.,* 186 F.3d at 440. But "[w]hen a party cannot be joined because its joinder destroys diversity, the court must determine whether the proceeding can continue in its absence or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Id*. That is not of issue in the instant matter.

 "Complete relief refers to relief as between persons already parties, not between a party and an absent person whose joinder is sought," *United States v. Arlington Cty.*, 669 F.2d 925, 929 (4th Cir. 1982). The Court must look only at the claims and parties already in front of it in making this determination. *Riesett v. Mayor & City Council of Balt.*, 2013 WL 5276553, at *3 (D. Md. Sept. 18, 2013). Plaintiffs brought claims against the named Defendants and Allred, Inc., and Westport Development, Inc in its first complaint. (Doc 1). On February 18, 2025, Plaintiffs' former

10

counsel David S. Rauzi, *without Plaintiffs authorization*, filed a joint stipulation of dismissal without prejudice, dismissing Defendant Westport Development, LLC., from the original complaint. (Doc. 23, and Ex. A, B, C). On July 22, 2025, this Court granted Drew Shaders' Motion to Dismiss for failure to state a claim, and the court stated the Plaintiffs "waived their claims" as to Drew Shader. (Doc. 99). This court cannot accord complete relief among existing parties to address Plaintiffs allegations in the Amended Complaint (Doc. 16 ¶¶37, 56-75, 140) :

     37.    On an unknown date, at 7:50 pm, Allred composed a text message wherein he admitted that a group of property owners in the Westport community have formulated a plan to make several strategic moves to prevent "problematic" business owners/operators from existing in Westport, and for the purpose of eliminating "problematic" people from patronizing the Westport.

     56.    On April 6, 2021, Unikc, LLC. (hereinafter "Unikc"), a Missouri limited liability corporation registered in Missouri, entered into a lease agreement with DB Icehouse, LLC. (hereinafter "DB Icehouse") for the purpose of leasing commercial property in the Westport community at 4140 Pennsylvania Avenue, Kansas City, Missouri 64111 (hereinafter "4140 Pennsylvania"). The said Lease Agreement is attached hereto as Exhibit "B" and incorporated as if fully set forth herein.

     57.    The lease was entered into and signed by Fredrick Vickers on behalf of Unikc.

     58.    The lease agreed to between Unikc and DB Icehouse contained a noncompete clause that prohibited Unikc from selling pizza or competing with The Denver Biscuit, a business owned by Defendant Shader.

     59.    4140 Pennsylvania is on the same street as the CID.

     60.    The primary managing member of Unikc was D'Mario Gray, a Black/African American citizen of Kansas City.

     61.    DB Icehouse identified itself as having two primary members, Joe Neibur and Greg Bartold.

     62.    Upon information and belief, Neibur and Bartold are both White/Caucasian individuals.

     63.    Upon execution of the lease, DB Icehouse delivered possession of 4140 Pennsylvania to Unikc and provided keys for Unikc to access the property and begin renovations in preparation for its grand opening.

     64.    Sometime thereafter, the owner of a neighboring business called the Denver Biscuit greeted Gray and casually asked Gray what he planned to do with 4140 Pennsylvania. Gray explained that he was opening a nightclub at the property.

     65.    Upon information and belief, the owner of the Denver Biscuit was a White/Caucasian individual.

     66.    Upon information and belief, after his encounter with Gray, the owner of the Denver Biscuit contacted representatives of DB Icehouse to discuss his displeasure with his new neighbor.

> 67. At the time of his encounter with Gray, the owner of Denver Biscuit had absolutely no information about Gray other than the fact that he was Black/African American.
>
> 68. The displeasure with Gray was solely due to his race, Black/African American.
>
> 69. The very next day, on October 12, 2021, Neibur emailed Gray and explained that he received a cease-and-desist letter regarding the lease that DB Icehouse had entered into with Unikc.
>
> 70. After receiving the email, Gray attempted to access 4140 Pennsylvania, but the locks had been changed.
>
> 71. Gray was locked out of the property that he had a contractual right to possess for no other reason than the fact that he is Black/African American.
>
> 72. At the time of the email and the landlord's decision to change the locks, Unikc had not violated any terms or conditions under his lease.
>
> 73. After consulting with his attorney, Gray sent a return email explaining that he had entered into a legally binding lease agreement, and he fully expected to proceed under the terms of the lease.
>
> 74. In subsequent conversations with Neibur and Bartold, Gray was told that several neighboring business owners, including the owner of the Denver Biscuit, did not want Gray's "type of crowd" to come to the Westport community and cause problems.
>
> 75. Unikc never had a chance to open its doors to determine what "type of crowd" the business would bring, because DB Icehouse paid Unikc $100,000.00 to terminate its lease, walk away from the deal, and indemnify itself from any legal action resulting from the unwarranted termination of lease. Unikc paid $10,000.00 as a deposit.
>
> 140. Upon information and belief, a substantial motivating factor in Defendants' conspiracy to refuse and withhold the delivery of possession of the Restaurant is/was that (1) Lee, Euphoric's owner, stock holder, operator, agent, and/or managing member, is a Black/African American individual, (2) the viral social media posts were made by popular Black/African American individuals, and (3) because of the CID's false assumption that Euphoric's targeted patrons, consumers, and/or customers would very likely be predominantly Black/African American individuals. Even if race was not the exclusive motivating factor, the CID's policies, procedures and actions in eliminating "problematic" owners has actually and predictable resulted in a practice or pattern of discrimination and has worked negatively to the exclusion of minority business owners from the Westport community.

(Doc. 16 ¶¶ 37, 56-75, 140).

The necessary parties should be ordered into the action.

## B. Principals Are Liable Vicariously For Agent's Acts

"A principal is liable vicariously for his agent's acts if the principal manifests his consent to, or knowingly permits, the agent's exercise of authority." *Premium Fin. Specialists, Inc. v. Hullin*, 90 S.W.3d 110, 113 (Mo. App. W.D. 2002). Plaintiffs assert that the discovery process has led to evidence that makes it necessary to join AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development, LLC., and Murfin, Inc.

Here, Plaintiffs assert that the non-parties are necessary and must be joined because in the absence of AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Westport Development, LLC., and Murfin, Inc., that the court cannot accord complete relief among existing parties because these companies are liable for the actions of their owners, members, managers, and/or agents, who are already properly named individual defendants.

Defendant Allred is an agent for Allred, Inc. and Allred Holdings, LLC. Plaintiffs have alleged that Defendant Allred was engaged in a civil conspiracy and committed tortious acts that have resulted in injury to the Plaintiffs. Allred, Inc. and Allred Holdings, LLC, are vicariously liable for Defendant Allred's tortious conduct because Defendant Allred acted for the benefit of -- and with authority apparently conferred by -- Allred, Inc. and Allred Holdings, LLC.

Likewise, Defendant Vos and Defendant Hurt are agents of Westport Development, LLC, which is wholly owned by parent company Murfin, Inc. Plaintiffs have alleged that Defendant Vos and Defendant Hurt were engaged in a civil conspiracy and have committed tortious acts that have resulted in injury to the Plaintiffs. Westport Development, LLC, and Murfin, Inc., are vicariously liable for Defendant Vos's and Defendant Hurt's tortious conduct because the Defendants acted for the benefit of -- and with authority apparently conferred by -- Westport Development, LLC, and Murfin, Inc.

Finally, AC Westport, LLC, is operating and doing business as "The Denver Biscuit Company." Plaintiffs alleged that agents of The Denver Biscuit Company were also engaged in the civil conspiracy and committed tortious act that resulted in injury to the Plaintiff UniKC, LLC. For the same reasons mentioned above, AC Westport, LLC is liable for the conduct of its agents.

## II. If These Parties Are Not Joined Plaintiffs Will Be Prejudiced.

Plaintiffs assert and forewarn the Court that it is likely that if the nonparties are not joined, then Defendants will likely succeed on a Motion to Dismiss for failure to join necessary parties. A motion under Rule 12(b)(7) for failure to join a required party under Rule 19 is "warranted only when the defect is serious and cannot be cured." *Direct Supply, Inc. v. Specialty Hosps. of Am., LLC*, 878 F. Supp. 2d 13, 23 (D.D.C. 2012). Although the complaint's allegations are accepted as true, matters outside the pleadings may also be considered when determining whether Rule 19 requires that a party be joined. *Omega Demolition Corp. v. Hays Grp., Inc.*, 306 F.R.D. 225, 227–28 (D. Minn. 2015). The party seeking dismissal for failure to join a required party has the burden to produce "evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Id.* (quoting *Sykes v. Hengel*, 220 F.R.D. 593, 596 (S.D. Iowa 2004).

Here, the allegations in the amended complaint as well as the audio evidence and witness interviews reveal the nonparties as necessary to the complaint and the court cannot accord complete relief among existing parties for the reasons stated above.

## III. Under Rule 20(a)(2)(B) Permissive Joinder Is Appropriate to Add the Nonparties

Plaintiffs alternatively assert that permissive joinder of AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development Inc.,

Murfin, Inc., DB Icehouse, LLC, Joe Niebur and Gregory Bartold are appropriate under Fed. R. Civ. P. 20(a)(2)(B) which provides:

> **(2) *Defendants.*** Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20.

Here, the Plaintiffs have alleged the same legal causes of action and that the same conspiracy was used to violate Plaintiffs civil rights resulting in a breach of contract from premises leased. Plaintiff has identified all nonparties as Principals liable for the acts of their current Defendant agents. The relatedness arises not merely because of their common affiliation as Westport property and business owners, but because each Defendant affirmatively chose to engage in civil conspiracy for the purpose of; (1) eliminating the threat of strong competitors and Defendants acted to achieve that objective of maximizing profits for their own businesses in the Westport community; (2) stopping Black/African American business owner from opening new businesses in the Westport community to achieve the objective of ensuring that the Westport community is predominantly patronized by White/Caucasian patrons, customers, and/or consumers; and (3) engaging in civil conspiracy and taking affirmative steps in furtherance of such conspiracy by contacting owners of property in the Westport community and illegally and tortiously interfering with the contract rights of other potential, prospective business owners and service providers. [2]

---

[2] Citing, Patrick Collins, Inc. v. John Does 1-21, 286 F.R.D. 319, 322 (E.D. Mich. 2012) (Court found Permissive joinder of 21 John Doe defendants was warranted in copyright owner's action alleging defendants directly and contributorily infringed its copyright in adult movie by downloading and uploading movie via peer-to-peer (P2P)

15

This Court finds that the Plaintiff has adequately pled facts satisfying Rule 20(a)(2)(B) to join AC Westport, LLC, (operating as The Denver Biscuit Company), Allred Inc., Westport Development, LLC, Murfin, Inc., DB Icehouse, LLC Joe Niebur, and Gregory Mark Bartold .

## CONCLUSION

Plaintiffs assert that the discovery process has led to evidence that makes it necessary to join AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development, LLC., Murfin, Inc., DB Icehouse, LLC, Joe Niebur and Gregory Mark Bartold because this court cannot accord complete relief among existing parties to address Plaintiffs allegations in the Amended Complaint (Doc. 16 ¶¶37, 56-75, 140).

Respectfully submitted,

**Cecilia Brown**
**Cecilia Nuby & Associates, LLC**
Missouri Bar Number:   67646
Kansas Bar Number:  78602
Illinois Bar Number: 6346825
117 E. 29TH STREET
Kansas City, Missouri 64108
Phone: (913)-200-7900
Fax: (913) 273-0996
E-mail: Cecilia@NubyLaw.com
**ATTORNEY FOR PLAINTIFF**

---

protocol, where defendants allegedly infringed same copyrighted material, each defendant affirmatively chose to download same file that was created by same initial seeder, intending to use others' computers to download pieces of same movie and allow his or her computer to be used in infringement by other peers and defendants in same swarm, and owner would have to expend great deal of time, resources, and money if required to proceed against each defendant separately).

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2025, the above and foregoing **SUGGESTIONS IN SUPPORT OF PLAINTIFFS MOTION FOR JOINDER OF PARTY DEFENDANTS** was served by electron filing with the Court Administrator through the CM/ECF system and by e-mail to the e-mail addresses provided by counsel of record for the parties in this case.

/s/
Attorney for Plaintiff