UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EUPHORIC LLC, ET. AL. | ) |
| | ) |
| | ) Case No. 4:25−cv−00023−RK |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| WESTPORT COMMUNUITY | ) |
| IMPROVEMENT DISTRICT, ET. AL. | ) |
| | ) |
| Defendants. | ) |

### SUGGESTIONS IN SUPPORT OF PLAINTIFFS MOTION FOR LEAVE TO FILE THE SECOND AMENDED COMPLAINT

COMES NOW Plaintiffs Euphoric LLC and UniKC LLC, by and through counsel, pursuant to Rule 15 and hereby requests this Court leave to file the Second Amended Complaint and in support of this motion, Plaintiffs state the following:

### INTRODUCTION

Plaintiffs are seeking loss of revenue and profits, compensatory damages, and punitive damages for racial discrimination against Defendants premised upon a race-based discrimination conspiracy in Plaintiffs being denied their rights to make and enforce contracts and denied their rights to lease real property in the Westport community in violation of 42 U.S.C. §§ 1981, 1982, 1985(3), and 1986 because of the race of Plaintiffs' owners, Black/African American, and because of a false assumption that Plaintiffs' patrons, customers, and consumers would be Black/African American. This action also seeks declaratory relief, immediate possession of a property in controversy, and damages for breach of a legally binding lease agreements without just cause. The collective actions of the Defendants have and/or will tortiously interfere with Plaintiffs business

1

expectancy over the life of a leases and did detrimentally interfere with Plaintiffs' valid and enforceable contracts. The Defendants deny engaging in any unlawful acts, that any such conspiracy with the Westport CID Defendants exists or that Plaintiffs were and continue to be harmed by any act of conspiracy by any Defendant.

**PROCEDURAL BACKGROUND**

1. On January 14, 2025, Euphoric, LLC and The Sourze, LLC, filed the underlying Pro Se complaint raising claims of racial discrimination against the Westport Community Improvement District, and the members of the Westport Community Improvement District in their individual and official capacities. (Doc. 1).

2. On February 2, 2025, Westport Development, LLC filed a Motion to Dismiss for Failure to State a Claim under rule 12(b)(6). (Doc. 6).

3. On February 5, 2025, former counsel David S. Rauzi entered his appearance on behalf of all Plaintiffs. (Doc. 4).

4. On February 7, 2025, former counsel David S. Rauzi filed an amended complaint which added Unikc, LLC, as a Plaintiff, and dropped The Sourze, LLC, as a Plaintiff. (Doc. 16).

5. The Sourze, LLC, was terminated from the case on February 7, 2025. (Remark)

6. On February 11, 2025, this court found Westport Development, LLC's Motion to Dismiss for Failure to State a Claim under rule 12(b)(6) as Moot. (Doc. 11).

7. On February 18, 2025, Plaintiffs' former counsel David S. Rauzi, ***without Plaintiffs authorization***, filed a joint stipulation of dismissal without prejudice, dismissing Defendant Westport Development, LLC., from the original complaint. (Doc. 23).

8. On February 21, 2025, Defendants Jeremy Hurt, Matthew Vos, Christie Montague, Kyle Kelly, Pamela Ptacek, Westport Community Improvement District, 4128 Broadway, LLC filed Answers to the Amended Complaint. ( Doc. 24-29, 35).

9. On March 24, 2025, The Court made the Scheduling Order; Discovery due by 9/15/2025. Dispositive Motions due by 10/15/2025. Status Conference set for 8/13/2025 10:30 AM via Telephone Conference. Initial Conference set for 5/7/2026 01:30 PM, Final Pretrial Conference set for 6/4/2026 01:30 PM, and Jury Trial set for 6/8/2026. (Doc. 38).

10. On March 28, 2025, Defendant Larry Goldman filed an Answer to the Amended Complaint. (Doc. 44).

11. On March 25, 2025, Defendant Harold Brody filed his Answer to the Amended Complaint. (Doc. 39).

12. On March 31, 2025, Defendant Paul Mesler filed an Answer to the Amended Complaint. (Doc. 45).

13. On May 2, 2025, Defendant Franklin D Kimbrough filed his Answer to the Amended Complaint. (Doc. 51).

14. On May 14, 2025, Plaintiff UniKC, LLC filed a Certificate of Service representing it answered Discovery requests of Defendant CID. (Doc. 56).

15. On May 16, 2025, Defendant Drew Shader filed a Motion to Dismiss for Failure to State a Claim under rule 12(b)(6). (Doc. 57).

16. On May 21, 2025, Plaintiffs filed a second motion for extension of time to obtain service on Defendants. (Doc. 59).

17. On May 23, 2025, This Court denied Plaintiffs second motion for extension of time to obtain service on Defendants. (Doc. 60).

3

18. On May 23, 2025, Plaintiff UniKC, LLC filed a Certificate of Service representing it Supplemented Answers to Discovery requests of Defendant CID. (Doc. 61).

19. On May 28, 2025, Defendant Max Wasserman filed his Answer to the Amended Complaint. (Doc. 62).

20. On June 13, 2025, Plaintiffs filed a Motion for Leave to File a Response to Defendant Drew Shader's Motion to Dismiss for Failure to State a Claim under rule 12(b)(6). (Doc. 64).

21. On June 17, 2025, Defendant Drew Shader filed Suggestions in Opposition to Plaintiffs Motion for Leave. (Doc. 66).

22. On June 17, 2025, this Court denied Plaintiffs' Motion to File a Response to Defendant Drew Shader's Motion to Dismiss for Failure to State a Claim under rule 12(b)(6). (Doc. 67).

23. On June 20, 2025, Defendant Brett Allred filed an Answer to the Amended Complaint. (Doc. 70).

24. On June 25, 2025, Cecilia J. Brown filed her appearance as lead counsel for Plaintiff Euphoric, LLC. (Doc. 71).

25. On July 1, 2025, Plaintiffs filed a Motion to Amend the scheduling order. (Doc. 76).

26. On July 7, 2025, Plaintiff UniKC sent discovery requests to 11 defendants. (Doc. 80-91).

27. On July 22, 2025, this Court granted Drew Shaders' Motion to Dismiss. (Doc. 99).

28. On July 25, 2025, This Court made an Order to Show Cause. (Doc. 101).

29. On July 30, this Court granted in part and denied in part, Plaintiffs Motion to amend the scheduling order: Discovery due by 11/20/2025. Dispositive Motions are due by 12/20/2025. Status Conference set for 10/21/2025 11:30 AM via Telephone Conference before District Judge

4

Roseann A Ketchmark. **All pretrial and trial deadlines and hearing dates remain the same.** (Doc. 107).

30. On August 7, 2025, Stephen Williams, entered as counsel for Plaintiff Unikc, LLC. (Doc. 126).

31. On August 8, 2025, Plaintiffs responded to the Court's Show cause order and filed a Motion for Extension of Time to Perfect Service with suggestions in support. (Doc. 128), 129, 130).

32. On August 13, 2025, Plaintiff Euphoric supplemented its responses to relevant requests for production of documents to disclose the newly discovered audio recording. (Doc 133).

33. On August 15, 2025, pursuant to Fed. R. Civ. P. 19(a) and 20(a)(2)(B), Plaintiffs made a motion to join this action as party Defendants, AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development Inc., and Murfin, Inc.,

34. On August 15, 2025, pursuant to Fed. R. Civ. P. 24(a)(2). The Sourze, LLC, requests intervention to join this action as party Plaintiffs, as of right and should be permitted because the movant has "an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2).

35. On August 15, 2025, Fed. R. Civ. P. 24(a)(2), The Sourze, LLC, requests permissive intervention to join this action as party Plaintiffs because the movant's "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2).

36. Euphoric, LLC, Unikc, LLC, and The Sourze, LLC, have common questions of law and fact in whether Defendants are engaging in an ongoing racial discrimination conspiracy in

violation of 42 U.S.C. §§ 1981, 1982, 1985, 1986 and 18 U.S.C. § 1962 et. seq resulting in breach of lease agreements.

37. Undersigned counsel has conferred with Euphoric, LLC and Unikc, LLC, and the Plaintiffs are not opposed to allowing The Sourze, LLC, to join the underlying action as a party plaintiff.

38. This motion is timely made pursuant to the scheduling order.

## SUGGESTIONS IN SUPPORT

### Analysis

"[A] party may amend its pleading only with the opposing party's written consent or the courts leave." Fed R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The decision as to whether to grant leave to amend is entrusted to the sound discretion of the district court," but "a pretrial motion for leave to amend one's complaint is to be liberally granted." *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 748-49 (8th Cir. 1986). Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Unless there is a good reason for denial, "such as undue delay, bad faith, or prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir.1992). Likelihood of success on the new claim is not a consideration for denying leave to amend unless the claim is clearly frivolous. *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 944 (8th Cir.2000); *Becker v. University of Neb.*, 191 F.3d 904, 907–08 (8th Cir.1999).

**I. Proposed Amendments**

    A.    <u>Addition of New Defendants</u>[1]

A plaintiff may proceed against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See* Fed. R. Civ. P. 20(a)(2). Leave to amend a complaint to add defendants is a generally accepted practice. *See*, generally, *Aery v. Arhart*, 2022 U.S. Dist. LEXIS 102858, 2022 WL 2080084 (Dist. Minn. June 9, 2022), and *Saulsbery v. Mark Twain Water Zone*, 2020 U.S. Dist. LEXIS 128955, 2020 WL 4192458 (Eastern Dist. Mo. July 21, 2020).

"A principal is liable vicariously for his agent's acts if the principal manifests his consent to, or knowingly permits, the agent's exercise of authority." *Premium Fin. Specialists, Inc. v. Hullin*, 90 S.W.3d 110, 113 (Mo. App. W.D. 2002). Plaintiffs' Proposed Second Amended Complaint seeks to add AC Westport LLC (operating as The Denver Biscuit Company), Allred Inc., Allred Holdings, LLC, Westport Development Inc., Murfin, Inc., DB Icehouse, LLC, Joe Niebur and Gregory Mark Bartold as necessary parties under Fed. R. Civ. P. 19(a) because the claims ultimately turn on actions taken by the non-parties. *Two Shields v. Wilkinson*, 790 F.3d 791, 797 (8th Cir. 2015) (suggesting that a party would be required if it "emerges as an active participant in the allegations made in the complaint that are critical to the disposition of the important issues in the litigation.") (quoting *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843 (11th Cir. 1999)). Plaintiffs assert that the nonparties are necessary and must be joined because in their absence the court cannot accord complete relief among existing parties.

    Specifically, The Amended Complaint includes numerous allegations regarding CID members, CID board members and property owners engaging in civil conspiracy for the purpose

---

[1] Plaintiff incorporates facts and persuasive arguments from its Motion to Join Defendants and Suggestions in Support filed on August 14, 2025. (Doc. 136 and 137).

of; (1) eliminating the threat of strong competitors and Defendants acted to achieve that objective of maximizing profits for their own businesses in the Westport community; (2) stopping Black/African American business owner from opening new businesses in the Westport community to achieve the objective of ensuring that the Westport community is predominantly patronized by White/Caucasian patrons, customers, and/or consumers; and (3) engaging in civil conspiracy and taking affirmative steps in furtherance of such conspiracy by contacting owners of property in the Westport community and illegally and tortiously interfering with the contract rights of other potential, prospective business owners and service providers.

This Court should grant leave to amend because the substance of Plaintiffs' Proposed Second Amended Complaint is substantially similar to the prior amended complaint. Two of the Defendants (Westport Development, LLC and Allred, Inc.) were included in the original pro-se complaint but were removed by prior counsel in the first amended complaint without authorization from Plaintiffs. Plaintiffs seek leave to amend and add additional defendants because these companies are liable for the actions of their owners, members, managers, and/or agents, who are already properly named individual defendants. *Premium Fin. Specialists, Inc. v. Hullin*, 90 S.W.3d 110, 113 (Mo. App. W.D. 2002).

Defendant Allred is an agent for Allred, Inc. and Allred Holdings. Plaintiffs have alleged that Defendant Allred was engaged in a civil conspiracy and committed tortious acts that have resulted in injury to the Plaintiffs. Allred, Inc. and Allred Holdings, LLC, are vicariously liable for Defendant Allred's tortious conduct because Defendant Allred acted for the benefit of -- and with authority apparently conferred by -- Allred, Inc. and Allred Holdings.

Likewise, Defendant Vos and Defendant Hurt are agents of Westport Development, LLC, which is wholly owned by parent company Murfin, Inc. Plaintiffs have alleged that Defendant Vos and Defendant Hurt were engaged in a civil conspiracy and have committed tortious acts that have

8

resulted in injury to the Plaintiffs. Westport Development, LLC, and Murfin, Inc., are vicariously liable for Defendant Vos's and Defendant Hurt's tortious conduct because the Defendants acted for the benefit of -- and with authority apparently conferred by -- Westport Development, LLC and Murfin, Inc.

AC Westport, LLC, is operating and doing business as "The Denver Biscuit Company." Plaintiffs named Drew Shader, owner of the Denver Biscuit, as a Defendant in the amended complaint and this court dismissed Mr. Shader. Plaintiffs allege that agents of The Denver Biscuit Company engaged in the civil conspiracy and committed tortious act that resulted in injury to the Plaintiffs and for the same reasons mentioned above, AC Westport, LLC is liable for the conduct of its agents.

DB Icehouse, LLC, is owned and operated by Joe Niebur and Gregory Mark Barrold. Plaintiffs have alleged that CID Board members are engaged in a civil conspiracy and have committed tortious acts that have resulted in injury to the African American business owners. Plaintiff's proffer material evidence of audio recordings and text messages[2] from agents of the listed non-parties that make the principal[s] liable vicariously for his agent's acts if the principal manifests his consent to, or knowingly permits, the agent's exercise of authority. *Premium Fin. Specialists, Inc. v. Hullin*, 90 S.W.3d 110, 113 (Mo. App. W.D. 2002).

Additional defendants should be add because the substance of Plaintiffs' Proposed Second Amended Complaint is substantially similar to the prior amended complaint.

B.  Addition of New Claims

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed R. Civ.

---

[2] This audio recording evidence has been disclosed to all Defendants that have propounded discovery from Plaintiff Euphoric, LLC in its fourth supplemental production of documents. (Doc. 133).

P. 18(a). The Eighth Circuit has found that there can be "no prejudice in allowing an amended complaint where the amended claims were substantially similar to those asserted in the original complaint." *Sanders v. Clemco Industries*, 823 F.2d 214, 1987 U.S. App. LEXIS 8821, 8 Fed. R. Serv. 3d (Callaghan) 496 (8th Cir. Mo. July 7, 1987). Plaintiffs' Proposed Second Amended Complaint proposes only two new claims, which are substantially similar to its other ten claims.

In the Proposed Second Amended Complaint, the claims alleged against the Defendants are as follows:

1. **Breach of Contract** (Plaintiff The Sourze, LLC, against Defendants Westport Development, LLC, Murfin, Inc., Defendant Hurt and Defendant Vos)
2. **Declaratory Judgment** (Plaintiff Euphoric, LLC against Defendant 4128 Broadway, LLC and Defendant Brody)
3. **Breach of Contract** (Plaintiff Euphoric, LLC against Defendant 4128 Broadway, LLC and Defendant Brody)
4. **Illegal Race Discrimination in violation of 42 U.S.C. § 1982** (All Plaintiffs Against All Defendants)
5. **Conspiracy to Commit Illegal Race Discrimination in Violation of 42 U.S.C. § 1985** (All Plaintiffs Against All Defendants)
6. **Illegal Race Discrimination in Violation of 42 U.S.C. § 1981** (All Plaintiffs Against All Defendants)
7. F**ailure to Prevent Illegal Race Discrimination in Violation of 42 U.S.C. § 1986** (All Plaintiffs Against All Defendants)
8. **Tortious Interference with a Contract** (All Plaintiffs Against All Defendants)
9. **Tortious Interference with a Business Expectancy** (All Plaintiffs Against All Defendants)
10. **Civil Conspiracy** (All Plaintiffs Against All Defendants)
11. **Violation of Sherman Act, Anti-Trust laws** (All Plaintiffs Against All Defendants)
12. **Violation of Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC §§ 1961-1968**. (All Plaintiffs Against All Defendants).

Plaintiffs' Proposed Second Amended Complaint seeks to add two claims: (1) Breach of Contract on behalf of Plaintiff The Sourze, LLC against Defendants Westport Development, LLC, Murfin, Inc., Defendant Vos, and Defendant Hurt (Claim One), and (2) Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC §§ 1961-1968, against all

Defendants. (Claim Twelve). These claims are substantially similar to Plaintiffs' claims of breach of contract (Claim Three), conspiracy to commit racial discrimination (Claim Five), and civil conspiracy (Claim Ten). Plaintiffs respectfully seek leave to amend the complaint to add these claims.

    C.    <u>Re-Entry of Plaintiff The Sourze, LLC[3]</u>

Under Rule 20, persons may join in one action as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" or if "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A) and (B). Under Rule 24, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Plaintiff The Sourze, LLC was initially listed as a Plaintiff in the original pro-se complaint but did not retain counsel to continue with litigation of its claims. When Euphoric, LLC and Unikc, LLC hired counsel David Rauzi, they filed an amended complaint without The Sourze, LLC. As The Sourze, LLC, has now retained undersigned counsel, the seek leave to rejoin the lawsuit and continue with prosecution of their claims under Fed. R. Civ. P. 24. Leave to rejoin a party to the lawsuit after dismissal should be freely given. *See, In re EpiPen Direct Purchaser Litig.*, 2021 U.S. Dist. LEXIS 202188 *7, 2021 WL 4892231 (Dist. Minn. October 20, 2021).

## II. THERE IS NO GOOD REASON FOR DENIAL

    A.    <u>Plaintiffs Do Not Unduly Delay because the Motion to Amend Pleadings in the Early Stages of Litigation.</u>

---

[3] Plaintiff incorporates facts and persuasive arguments from The Sourzes, LLC, Motion to Join Suggestions in Support filed on August 15, 2025.

A movant does not unduly delay if they file the motion to amend pleadings in the early stages of litigation. Undue delay does occur, however, when a party waits 'until the eleventh hour of its case' to file its motion to amend." *Smith v. RW's Bierstube, Inc.*, No. 17-cv-1866 (PJS/HB), 2018 WL 8754184, at 7 (D. Minn. Jan. 12, 2018) (quoting *Arcaro v. City of Anoka*, No. 13-CV-2772 (JNE/LIB), 2014 WL 1265452, at *6 (D. Minn. Oct. 31, 2014)); see also, *Delta Indus. Servs., Inc. v. Kollmorgen Corp.*, No. 18-cv-3203 (PJS/SER), 2019 WL 1615401, at *2 (D. Minn. Apr. 16, 2019) (finding no undue delay in moving to amend during the early stages of litigation). *Nitride Semiconductors Co. v. Digi-Key Corp.*, No. 17-cv-4359 (JRT/LIB), 2020 U.S. Dist. LEXIS 262020, 2020 WL 13016670, at *3 (D. Minn. Aug. 10, 2020). When a motion to amend is timely filed, Eight Circuit courts have routinely granted such motions, even when they are filed on the last day to do so under the scheduling order. *See, In re EpiPen Direct Purchaser Litig.,* 2021 U.S. Dist. LEXIS 202188 *10, 2021 WL 4892231 (Dist. Minn. October 20, 2021)("[G]enerally, if the movant has not engaged in dilatory tactics, and if ample time remains in the discovery period, motions to amend brought on the final permissible day are regularly granted").

In *Nitrade*, the Eighth circuit noted that the case "is still in the very early stages of litigation" where Plaintiff filed the motion to amend the pleadings before the deadline for motions seeking to amend the pleadings and before the deadline for discovery. (*Id*.). Here, Plaintiffs' Proposed Second Amended Complaint is being filed timely filed under the scheduling order and still in the early pretrial stage of the litigation--before the deadline for discovery.

Further, the added plaintiff, defendants, and claims, are substantially similar to the prior amended complaint. For these reasons, the Court should freely grant leave to amend.

> B. <u>Plaintiffs Do Not Make the Current Motion for Leave to Amend in Bad Faith</u>

Few courts have denied leave to amend on the basis of bad faith. *Oneida Indian Nation of New York State v. Cnty. of Oneida, N.Y.*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000). It is well established, however, that "when the opponent of an amendment asserts that the movant is acting in bad faith, there must be something more than mere delay or inadvertence" to warrant denial of a Rule 15 motion. *Id*. citing *Primetime 24 Joint Venture and Primetime 24 Relay Corporation v. DirecTV, Inc.*, No. 99 CIV. 3307, 2000 WL 426396, at *5 (S.D.N.Y. April 20, 2000). By the same token, under certain circumstances "[d]elay as a predicate for a finding of bad faith is a sufficient reason to deny leave to amend [,]" especially when accompanied by undue delay or prejudice. *See Town of New Windsor v. Tesa Tuck, Inc.*, 919 F.Supp. 662, 676 (S.D.N.Y.1996).

Plaintiffs do not make the current motion for leave to amend in bad faith. Plaintiffs, through the discovery process, have found new evidence that requires additional parties and additional claims. The additional parties can be joined pursuant to Fed. R. Civ. P. 19(a) and non-party, The Sourze, LLC's Motion to join pursuant to Fed. R. Civ. P.24. The additional claims are substantially the same and do not cause prejudice to the Defendants.

C. <u>There is No Prejudice to Non-Moving Party</u>

Proper justification for denying such a motion includes: "undue delay, bad faith or dilatory motive on the part of the movant, ... undue **prejudice** to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Delay alone is insufficient justification; prejudice to the nonmovant must also be shown. *See Buder,* 644 F.2d at 694 (finding that delay coupled with a mere recitation of prejudice by the district court was insufficient to pass scrutiny); *Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Prods. Corp.,* 542 F.2d 1010, 1012 (8th Cir.1976) (holding that delay alone is not enough to deny a motion to amend). Any prejudice to the nonmovant must be weighed against

the prejudice to the moving party by not allowing the amendment. *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690, 694 (8th Cir.1981).

In *Bell*, the Eighth circuit affirmed the districts court denial of movant's motion for leave to amend complaint, where the motion involved different factual and legal issues than allegations in original complaint, such that amendment would have required additional discovery and extension of already-expired deadline for motions, and denial was properly justified on grounds of undue delay and prejudice. *Bell v. Allstate Life Ins. Co.,* 160 F.3d 452 (8th Cir. 1998).

In *Hammer*, the Eighth circuit affirmed the districts court denial of movant's second motion for leave to amend his complaint to add never before mentioned new claims of retaliation for whistleblowing activities. The Court opined that the First Amendment claim was not reasonably related to pleaded allegations such that non-moving party would have been placed on notice that movant was pursuing such claim, and movant filed second motion to amend nearly fifteen months after filing original complaint, after discovery had closed and the defendant had moved for summary judgment on pleaded theories. *Hammer v. City of Osage Beach, MO*, 318 F.3d 832 (8th Cir. 2003).

Unlike *Bell* and *Hammer*, Plaintiffs' Proposed Second Amended Complaint proposes only two new claims, which are substantially similar to its other ten claims. Plaintiffs' Proposed Second Amended Complaint seeks to add two claims: (1) Breach of Contract on behalf of Plaintiff The Sourze, LLC against Defendants Westport Development, LLC, Murfin, Inc., Defendant Vos, and Defendant Hurt (Claim One), and (2) Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC §§ 1961-1968 (Claim Twelve). These claims are substantially similar to Plaintiffs' pleaded allegations in claims of breach of contract (Claim Three), conspiracy to commit racial discrimination (Claim Five), and civil conspiracy (Claim Ten), such

that non-moving parties are placed on notice that movant was pursuing such claims. The amendment would not require extension of already-expired deadlines. The amendment would not require additional discovery, but even if it did, the discovery deadline is not until October 15, 2025. The defendants have not moved for summary judgment on pleaded theories. For the stated reasons, Plaintiffs respectfully seek leave to amend the complaint.

    D.  <u>The Amendment is Not Futile</u>

"The court should freely give leave [to amend] when justice so requires." Federal Rule of Civil Procedure 15(a)(2). "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)[4] of the Federal Rules of Civil Procedure." *Kale v. Aero Simulation, Inc.,* 139 F.4th 684, 690 (8th Cir. 2025).

In *Kale*, the Eighth Circuit opined that Kale's proposed amended complaint contains the same core deficiency as his pro se complaint: It lacks sufficient factual matter to connect Kale's objection to testing to specific religious principles. *Id*. Because the proposed amended complaint could not withstand a motion to dismiss, the district court properly denied the proposed amendment as futile. *Id*. Here, all Defendants made an Answer to the Amended Complaint, waiving a Rule 12(b)(6) dismissal, save Westport Development, LLC who was voluntarily dismissed from the case, and Drew Shader. Mr. Drew Shader made a motion to dismiss under Rule 12(b)(6) which was granted for the following reasons:

> Failure to respond to a motion constitutes a waiver, and a motion to dismiss may be "granted on just this basis." *Fondren v. McDonough*, No. 24-CV-768 (ECT/JFD), 2024

---

[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

WL 4665159, at *2 (D. Minn. Nov. 4, 2024) (collecting cases); *Swinton v. Exel Inc.*, No. 4:23-CV- 00745-DGK, 2024 WL 3527247, at *1 (W.D. Mo. July 24, 2024). "Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments." *Bey v. Poettker Constr.*, No. 4:23CV911 HEA, 2024 WL 2831083, at *2 (E.D. Mo. June 4, 2024) (citing *Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023); *Little v. U.S. Dep't of Def.*, No. 4:21-CV-1309-JAR, 2022 WL 1302759, at *3 (E.D. Mo. May 2, 2022); and *Ursery v. Fed. Drug Enf't Admin.*, No. 4:12CV1911 HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014)).

Therefore, by failing to file a response to Defendant Shader's motion to dismiss, Plaintiffs have waived their claims against Defendant Shader. Swinton, 2024 WL 3527247, at *1; see also *Bryant v. Wal-Mart Stores E., LP*, No. 21-cv-05068-SW-LMC, 2022 WL 528856, at *2 (W.D. Mo. Feb. 22, 2022). This conclusion is even more compelling considering that Plaintiffs are not pro se litigants, as this Court has previously ruled that even a pro se plaintiff's failure to substantively respond to a motion to dismiss constitutes a waiver. *Swinton*, 2024 WL 3527247, at *1.

(Doc. 99).

Unlike *Kale*, this court did grant Mr. Shader's motion to dismiss under Rule 12(b)(6) because the amended complaint lacked sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. For the reasons analyzed the second amended complaint sets forth facts and circumstances which may entitle Plaintiffs to relief, thus futility is not a proper basis on which to deny amendment.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully seek leave to file their Proposed Second Amended Complaint because there is no good reason for denial, "such as undue delay, bad faith, or prejudice to the non-moving party, or futility of the amendment.

Respectfully submitted,

**Cecilia Brown**
**Cecilia Nuby & Associates, LLC**
Missouri Bar Number: 67646
Kansas Bar Number: 78602

16

Illinois Bar Number: 6346825
117 E. 29TH STREET
Kansas City, Missouri 64108
Phone: (913)-200-7900
Fax: (913) 273-0996
E-mail: Cecilia@NubyLaw.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August 2025, the above and foregoing SUGGESTIONS IN SUPPORT OF **PLAINTIFFS SUGGESTIONS IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE THE SECOND AMENDED COMPLAINT** was served by electron filing with the Court Administrator through the CM/ECF system and by e-mail to the e-mail addresses provided by counsel of record for the parties in this case.

/s/
Attorney for Plaintiff