UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| EUPHORIC, LLC, AND UNIKC, LLC, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:25-cv-00023-RK |
| WESTPORT COMMUNITY IMPROVEMENT DISTRICT, ET AL., | ) |
| Defendants. | ) |

**BRETT ALLRED'S SUGGESTION IN OPPOSITION
TO PLAINTIFFS' MOTION FOR JOINDER OF PARTY DEFENDANTS**

Defendant Brett Allred ("Mr. Allred") in accordance with L.R. 7.1 submits the following Opposition to Plaintiffs' Motion for Joinder of Party Defendants. (Doc. 136). For his Suggestions he states as follows:

**I. Introduction**

Plaintiffs Euphoric, LLC ("Euphoric") and Unikc, LLC ("Unikc") (collectively, "Plaintiffs") filed a lawsuit alleging a conspiracy to violate civil rights and antitrust laws. Plaintiffs allege Mr. Allred has conspired with fellow Westport business people and the Westport CID as well as other landlords and business owners to exclude African-Americans from owning or operating businesses in the Westport Entertainment District, including Plaintiffs. Mr. Allred denies engaging in any unlawful acts, that any such conspiracy exists, and that Plaintiffs were harmed by any act of Mr. Allred.

**II. Procedural Background**

On February 6, 2025, Plaintiffs were granted leave to file their First Amended Complaint. (Doc. 15, Text Only Entry). On February 7, 2025, Plaintiffs filed their First Amended Complaint, which is their currently operative pleading. (Doc. 16). On August 14, 2025, Plaintiffs filed their Motion for Joinder of Party Defendants. (Doc. 136). Plaintiffs seek

1

to add AC Westport, LLC; Allred, Inc., Allred Holdings, LLC; Westport Development, LLC; Murfin, Inc.; DB Icehouse, LLC; Joe Neibur and Gergory Mark Bartold as party defendants ("proposed defendants") pursuant to Rules 19(a) and 20(a)(2)(B). Plaintiffs' Motion is littered with legal and procedural deficiencies, and the Court should deny the same.

### III. Standard of Review

Rule 19 provides that a nonparty shall be joined as a party in the action if (1) in the person's absence, complete relief cannot be accorded among those already parties. *Bishop v. Nu-Way Service Stations, Inc.*, 2016 F.R.D. 473, 474 (E.D. Mo. 2003). The moving party has the burden of showing that a non-party is required under Rule 19. *Christenson v. Freeman Health System,* 71 F. Supp. 3rd 964, 969-970 (W.D. Mo. 2014).

Rule 20 governs permissive joinder of plaintiffs and defendants. Fed. R. Civ. P. 20(a). Rule 20(a)(2) allows permissive joinder of defendants when "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

### IV. Argument and Authorities

#### A. Plaintiffs' Motion is Deficient and Should be Denied

Plaintiffs purport to rely upon their operative pleading for the alleged factual basis supporting joinder. *See generally* (Docs. 136 and 137). Plaintiffs argue that the proposed defendants are necessary under Rule 19(a), and their joinder is appropriate under Rule(a)(2)(B). However, to support their claims against the proposed defendants Plaintiffs assert facts in their Motion that are not included in the current iteration of their Complaint.

2

(Doc. 136, ¶¶ 13–25); *cf* (Doc. 16). These additional facts relate to core legal issues that Plaintiffs rely on to provide a framework for their alleged claims against the proposed defendants. The additional facts include, inter alia, allegations regarding an alleged agent-principal relationship between some current defendants and the proposed defendants. (Doc. 136, ¶¶ 13–25). Plaintiffs then rely upon these new facts to argue that the proposed defendants are indispensable and must be joined, or alternatively, that their permissive joinder is appropriate. The inherent problem with Plaintiffs' approach is that they cannot raise new factual allegations in a motion for joinder but fail to provide a supporting proposed amended complaint. As this Court has already noted, "[r]ule 20 motions generally must satisfy both Rule 15 (amendment of pleadings) and Rule 20 (permissive joinder) because the moving party joins the additional party through the filing of an amended complaint." (Doc. 106) n1 (citing *Smith v. Planned Parenthood*, 225 F.R.D. 233, 242 (E.D. Mo. 2004). On this basis, Plaintiffs' Motion should be denied as it is fatally deficient.

### B. The Proposed Defendants Are Not Indispensable Under Rule 19(a)

A required party under Rule 19 must be more than just a joint tortfeasor. *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S.Ct. 315, L.E.2d 264 (1990) (per curiam). Determining whether a non-party is an indispensable party is a two-step process. *Sorensen v. Sorensen*, 64 F.4th 969, 975 (8th Cir. 2023); *Zumbrunnen v. Shelter Insurance Company*, 2013 WL 12155324 *1-2 (W.D. Mo. Mar. 1, 2013). First, the court must determine whether the non-joined party is a "required" (necessary) party under Rule 19(a)(1). *Id.* Then, if the non-party is necessary under Rule 19(a)(1), the court must conduct a multi-factor analysis under Rule 19(b) to determine whether, in equity and good conscience, the action should proceed or be dismissed. *Id.* Only if the non-party is necessary pursuant to Rule 19(a)(1)

does the court analyze the matter under Rule 19(b). *Id.* Crucially, courts disfavor motions of this type, and the proponent has the burden of producing evidence "showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *RightCHOICE Managed Care, Inc. v. Hospital Partners, Inc.*, 2019 WL 302515 at *7 (W.D. Mo. Jan. 23, 2019) (*citing For Yates Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 671 (8th Cir. 2015)). Plaintiffs have clearly failed to meet their burden.

### i. The Proposed Defendants Are Not Required Parties under Rule 19(a)(1)(A)

"Rule 19(a)(1) first requires a court to determine whether it cannot afford complete relief in the non-party's absence, whether the non-party claims an interest in the action such that its absence would impair or impede its ability to protect the interest, and whether, without the non-party, an existing party would face multiple or inconsistent obligations." *RightCHOICE*, 2019 WL 302515 at *7. Rule 19(a)(1) requires joinder only when the absence of a non-joined party prevents complete relief among the current parties. *LLC Corp. v. Pension Ben. Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983). The focus is on relief between the parties and <u>not</u> on the speculative possibility of further litigation between a party and an absent person. *Id.* (emphasis added).

In *Harrigan v. Osage Beach Police Dep't.*, the plaintiff sought to join the City of Osage Beach and several other City employees as defendants under Rules 19 and 20. No. 22-CV-04156-WJE, 2023 WL 3236498 (W.D. Mo. May 3, 2023). The Court found that the plaintiff's specific allegations against the proposed defendants were unclear. *Id*. While the plaintiff stated that the proposed defendants violated his Fourth and Fourteenth Amendment rights,

4

he provided no details about how they violated his rights, so it was unclear why their joinder was necessary to afford him complete relief. *Id*.

Similarly, here, Plaintiffs rely on sweeping and vague allegations that the proposed defendants were likewise involved in the loosely described conspiracy to commit race discrimination in Westport. Plaintiffs' generalized contention that they are raising "substantially similar" claims of discrimination against the proposed defendants do not pass muster. The attached affidavits likewise fail to provide any basis for this Court to determine that without the proposed defendants, Plaintiffs cannot be afforded complete relief. Finally, the only controlling precedent Plaintiffs rely on is inapposite to the facts at bar. *See Two Shields v. Wilkinson*, 790 F.3d 791 (8th Cir. 2015). As such, Plaintiffs have failed to meet their burden to show that in the absence of the proposed defendants, Plaintiffs will not be afforded complete relief.

### ii. The Proposed Defendants Are Not Required Parties Under Rule 19(a)(1)(B)

Rule 19(a)(1)(B) provides: "(1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

Courts have interpreted a "person claiming an interest relating to the subject of the action" as a person *having* an interest in the subject of the action. *See Ridgway v. Bank of Am., N.A.*, No. 13 CV 289 RWS, 2013 WL 3724818, at *3 (E.D. Mo. July 16, 2013). Although

5

Plaintiffs cite to this portion of the rule in their Motion, they do not develop any arguments supporting joinder on this basis.

### C. The Proposed Defendants Should Not Be Joined Under Rule 20(a)(2)(B)

Permissive joinder should not be allowed when it rests upon pure legal fiction. *Priv. Lenders Grp., Inc. v. Does 1-17*, 294 F.R.D. 513 (E.D. Mo. 2013). Even under the broad interpretation of Rule 20(a) and the liberal construction of the word "transaction" adopted by the Eighth Circuit, a party may not be joined "in the absence of a transactional link" between them. *DIRECTV v. Loussaert,* 218 F.R.D. 639, 642 (S.D. Iowa 2003) (citing *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir.1974)). A transactional link is missing when the defendants' acts, though identical, were "separate and independent." *Id.* at 643.

In support of these allegations, Plaintiffs argue that the relatedness of their claims are due to the proposed defendants' common affiliation as Westport property and business owners who chose to engage in a civil conspiracy. These broad statements provide no explanation of the relief sought against the proposed defendants or what alleged acts stem from the same transaction, occurrence, or series of transactions or occurrences as the allegations made against the named Defendants. As noted above, Plaintiffs' failure to attach a proposed amended complaint to support their new factual allegations and theories of recovery against the proposed defendants fatally impacts the Court's Rule 20 analysis. Plaintiffs impermissibly seek to shoehorn new proposed defendants into their operative complaint and rely upon sweeping generalizations rather than a cogent statement of how their claims against the proposed defendants involve common questions of law or fact.

**V.	Conclusion**

Because Plaintiffs have failed to meet their burden to establish the proposed defendants should be joined as party defendants, their Motion should be denied.

Respectfully submitted,

By: /s/ R. Mark Nasteff, Jr.
　　R. Mark Nasteff, Jr. Mo. 38015
　　Amy D. Quinn　　Mo. 66166
　　Nasteff & Quinn, LLC
　　118 N. Water Street
　　Liberty, MO 64068
　　816-792-3529
　　marknasteff@naqlaw.com
　　amyquinn@naqlaw.com

Attorneys for Defendant Brett Allred

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 28th day of August 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification to the following counsel of record for Plaintiff:

Stephen R. Williams
THE LAW OFFICES OF STEPHEN R. WILLIAMS
4520 Main Street, Suite 700
Kansas City, MO 64111
Email: stephen@srwilliamslaw.com

**ATTORNEY FOR PLAINTIFF UNIKC, LLC**

Cecilia Brown
Cecilia Nuby & Associates, LLC
117 E. 29th Street
Kansas City, MO 64108
Phone: 913.200.7900
Facsimile: 913.273.0996
Email: Cecilia@nubylaw.com

**ATTORNEY FOR PLAINTIFF EUPHORIC LLC**

Jacqueline M. Duvall, MO #67078
Stacy M. Bunck, MO #53229
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
700 W. 47th Street, Suite 500
Kansas City, MO 64112
816-471-1301
816-471-1303 *(Facsimile)*
jacqueline.duvall@ogletree.com
stacy.bunck@ogletree.com

**ATTORNEYS FOR WESTPORT CID**

Don Peterson
Grant Peterson
DON PETERSON LAW LLC
10955 Lowell Avenue, Suite 710
Overland Park, KS 66210
Phone: 913.322.0322
Facsimile: 913.322.0337
Email: don@donpetersonlaw.com
Email: grant@donpetersonlaw.com

**ATTORNEYS FOR 4128 BROADWAY LLC AND HAROLD S. BRODY**

Kathryn A. Wright
Lauren Mangiameli
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
Phone: 913.529.1188
Facsimile: 913.529.1199
Email: kwright@halbrookwoodlaw.com
Email: lmangiameli@halbrookwoodlaw.com

**ATTORNEYS FOR DREW SHADER**

/s/ R. Mark Nasteff, Jr.
Attorney for Brett Allred