IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EUPHORIC, LLC; UNIKC, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-00023-RK |
| | ) |
| WESTPORT COMMUNITY | ) |
| IMPROVEMENT DISTRICT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

There are numerous motions currently pending before the Court in this breach-of-contract and civil rights conspiracy case. At this juncture, the Court takes up several, each of which are fully briefed: (1) Plaintiff Euphoric, LLC's motion for joinder of party defendants and motion for leave to file a second amended complaint (Docs. 136, 143); (2) non-party The Sourze, LLC's motion to join the action as a party plaintiff, (Doc. 145), which the Court construes as a motion to intervene under Federal Rule of Civil Procedure 24; (3) Plaintiff Euphoric, LLC's motion for leave for extension of time to perfect service as to Defendants Zach Marten and Brandi Degenhardt, (Doc. 129); and (4) Defendants 4128 Broadway, LLC's and Harold Brody's motions to amend answers, (Docs. 150, 152, respectively). After careful consideration and for the reasons explained below, the Court **ORDERS** that:

(1) Plaintiff Euphoric's motion for joinder of party defendants and motion for leave to file a second amended complaint and non-party The Sourze's motion to intervene are **GRANTED**. The parties shall file the Second Amended Complaint—*signed by counsel for each party plaintiff*—within five (5) days of the date of this Order;

(2) Plaintiff Euphoric's motion for leave for extension of time to perfect service as to Defendants Zach Marten and Brandi Degenhardt is **GRANTED**. Service of process is due twenty (20) days after the filing of the Second Amended Complaint; and

(3) Defendants 4128 Broadway, LLC's and Harold Brody's motions to amend answers are **DENIED as moot**.

**Background**

This case was originally filed by Euphoric, LLC, and The Sourze, LLC, proceeding pro se, on January 14, 2025. (Doc. 1.) Defendant 4128 Broadway, LLC, filed a motion to dismiss for the unauthorized practice of law—noting that corporate entities may not represent themselves. (Doc. 3.) Subsequently, Attorney David Rauzi entered a notice of appearance on behalf of Plaintiff Euphoric and a then-non-party, Unikc, LLC, and filed a motion to amend the complaint on February 5, 2025. (Docs. 4, 5.)[1] The Court granted the motion, noting that under Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiffs were entitled to amend their complaint as a matter of right. (Doc. 15.) Plaintiffs Euphoric and Unikc accordingly filed a first amended complaint on February 7, 2025. (Doc. 16.)

The first amended complaint dropped The Sourze as a party plaintiff and asserts twelve claims, which Plaintiffs Euphoric and Unikc assert against all Defendants unless otherwise noted:

- Count 1: Civil Conspiracy
- Count 2: Declaratory Relief pursuant to § 527.020 RSMo. (Plaintiff Euphoric against Defendants 4128 Broadway and Harold Brody)
- Count 2:[2] Breach of Contract (Plaintiff Euphoric against Defendants 4128 Broadway and Harold Brody)
- Count 3: Illegal Racial Discrimination in violation of 42 U.S.C. § 1982
- Count 4: Conspiracy to Commit Illegal Racial Discrimination in violation of 42 U.S.C. § 1985
- Count 5: Racial Discrimination in violation of 42 U.S.C. § 1981
- Count 6: Failure to Prevent Racial Discrimination in violation of 42 U.S.C. § 1986
- Count 7: Tortious Interference with Plaintiffs' Contracts
- Count 8: Tortious Interference with Plaintiffs' Business Expectancy
- Count 9: Conspiracy to Breach the Duty of Loyalty

---

[1] The parties' filings inconsistently refer to "Unikc, LLC," "UNIKC, LLC," and "UniKC, LLC." It is unclear which designation is correct. For ease of reference the Court will refer to "Unikc, LLC," because that is the designation used in the first amended complaint.

[2] Plaintiffs Euphoric and Unikc's first amended complaint incorrectly numbers the claims, using "Claim Two" for both the declaratory relief count and Euphoric's breach of contract count. The Court retains Plaintiffs' numbering for ease of reference, and notes that the proposed second amended complaint, (Doc. 143-1), corrects this numbering error.

2

- Count 10: Civil Conspiracy[3]
- Count 11: Conspiracy to Violate Sherman Act, Antitrust, and/or Trade Law
- Count 12: Illegal Conversion of Property (Plaintiff Euphoric against Defendants 4128 Broadway and Harold Brody)

(*See generally* Doc. 16.)

Broadly, Plaintiffs Euphoric and Unikc allege that Defendants conspired to commit racial discrimination, which resulted in Plaintiffs being denied their rights to lease real property in the Westport community. Defendant Westport Community Improvement District ("Westport CID"), its board members, and other property owners or businesses in Westport are alleged to have conspired to exclude African Americans from owning or operating businesses in Westport. Plaintiffs Euphoric and Unikc allege that they are owned by African American individuals and had plans to operate businesses in leased commercial properties within Westport. (Doc. 16 at ¶ 28.)

On February 12, 2025, Attorney Mark E. Meyer entered his appearance as co-counsel for Plaintiffs Euphoric and Unikc. (Doc. 21.) Most Defendants filed an answer to the first amended complaint. (*See* Docs. 24-29, 35, 39, 44, 45, 51, 62, 70.) The parties filed a joint stipulation of dismissal without prejudice as to Defendant Westport Development, LLC, on February 18, 2025. (Doc. 23.) Defendant Drew Shader filed a motion to dismiss, (Doc. 57), which the Court granted, (Doc. 99). To date, Defendants Zach Marten and Brandi Degenhardt have not been served or otherwise entered an appearance. The Court entered a scheduling order on March 24, 2025, and discovery commenced in the case. (Doc. 38.) An amended scheduling order was entered on July 30, 2025, pursuant to which the deadline for amendment of pleadings and joinder of parties remained August 15, 2025, while the deadline for completion of discovery was extended to November 20, 2025. (Doc. 109.)

On June 25, 2025, Attorney Cecilia J. Brown entered her appearance on behalf of Plaintiff Euphoric. (Doc. 71.) Two days later, Attorney Rauzi filed a "substitution of counsel" indicating that "current counsel [i.e., Attorney Rauzi and Attorney Meyer] will be substituted by [Attorney Brown]" but that Attorney Rauzi and Attorney Meyer "will continue to represent Plaintiff UNIKC, LLC." (Doc. 72.) Just over one month later, on August 6, 2025, Attorney Stephen R. Williams entered his appearance on behalf of Plaintiff Unikc, (Doc. 126), and Attorneys Rauzi and Meyer

---

[3] Plaintiffs' amended complaint includes the Civil Conspiracy claim in both Count 1 and Count 10. The Court notes that the proposed second amended complaint corrects this error.

3

filed a "substitution of counsel" indicating that "current counsel will be substituted" by Attorney Williams, (Doc. 127). Local Rule 83.2 requires that "[t]o withdraw from a case, an attorney must file a motion to withdraw," which the Court "may grant . . . only upon a showing of good cause, which can be shown by entry of appearance of substitute counsel." Construing Attorney Rauzi and Attorney Meyer's "substitution of counsel" filings as motions to withdraw, the motions to withdraw are **GRANTED**.

Further facts are set forth below as necessary.

## Discussion

The three motions concerning the pleadings—Plaintiff Euphoric's motions to join defendants and for leave to file a second amended complaint,[4] (Docs. 136 and 143), and non-party The Sourze's motion to intervene as a party plaintiff—ultimately seek, together, the filing of the proposed second amended complaint, (Doc. 143-1),[5] which includes The Sourze as a plaintiff, joins eight additional defendants, and asserts two additional claims in this litigation. Moreover, in the motion for leave to amend, Plaintiff Euphoric expressly incorporated the facts and arguments from the motion for joinder of party defendants and from The Sourze's motion to intervene. (*See* Doc. 144 at 7 n.1, 11 n.3.) The Court accordingly considers these three motions together. *See Bron v. Sawyer*, No. 19-cv-2938 (SRN/LIB), 2020 WL 6121270, at *4 (D. Minn. Aug. 21, 2020) (considering separate motions to join simultaneously where they sought the same relief).[6]

---

[4] Although both motions are ostensibly filed on behalf of both Plaintiff Euphoric and Plaintiff Unikc, each motion is only signed by Attorney Brown (counsel for Plaintiff Euphoric only) and was not signed by Attorney Williams or any other counsel on behalf of Plaintiff Unikc. At most, the motion states that Plaintiff Unikc "[is] not opposed to allowing The Sourze, LLC, to join the underlying action as a party plaintiff." (Doc. 144 at 6, ¶ 37.)

Defendants address each of these motions—filed only by Plaintiff Euphoric—as if they were properly filed by both parties. Nevertheless, the Court instructs that the parties must ensure all future filings in this case (1) are separately signed by counsel for *each* named party if the filing is a joint filing asserted by or on behalf of each named party, or (2) if a non-filing party does not initially join the filing, a non-party who seeks to join the filing later may file a motion to join.

[5] Like the motion for leave to amend to which it is attached, the proposed second amended complaint is signed only by Attorney Brown who represents only Plaintiff Euphoric and is not signed by Attorney Williams or any counsel on behalf of Plaintiff Unikc. (*See* Doc. 143-1 at 63-64.)

[6] In this regard, the Court is unpersuaded by Defendants' argument that the motion for joinder of party defendants is fatally deficient due to Plaintiff Euphoric's error in not attaching the second proposed amended complaint to that motion. First, the three motions currently under consideration were filed within a day of one another. Second, Plaintiff's explicit incorporation of the facts and arguments from the motion to add party defendants into the motion to amend put Defendants on sufficient notice of Plaintiff's assertions, permitting them to appropriately respond. Third, Defendants responded on the merits of

I.   **Motion for Leave to File a Second Amended Complaint**

Plaintiff Euphoric moves for leave to file a second amended complaint arguing that the motion to amend is timely and that no good reason, such as undue delay, prejudice, or futility, exists for denial of the motion. Defendants argue that Plaintiff Euphoric's proposed second amended complaint vastly expands the scope of the litigation and that the motion for leave to amend should be denied because it will result in undue delay and prejudice.

   A.   **Legal Standard**

Plaintiffs previously filed an amended complaint in this case. (Doc. 16.) Therefore, Plaintiffs "may amend [their] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Under this liberal standard for amendment of pleadings, "[p]roper justification for denying such a motion includes: 'undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Bell v. Allstate Life Ins.*, 160 F.3d 452, 454 (8th Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Delay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Id.*

   B.   **Amendment of Pleadings**

Defendants argue that they will be prejudiced by the delay in moving to amend the complaint because this case is no longer in the early stages of litigation. Plaintiff Euphoric timely filed the motion to amend prior to the deadline for joinder of parties and amendment of pleadings in the amended scheduling order. (Doc. 109.) Although not dispositive, the Court notes that the August 15, 2025 deadline was designated jointly by the parties in their initial joint proposed scheduling order, which the Court adopted. (Docs. 32, 38.) This demonstrates that the parties agreed to and anticipated the potential joinder of additional parties and amendment of pleadings through August 15, 2025, and that they believed this timeframe was compatible with the other proposed scheduling order dates and was proper in the context of this case at least as of the parties'

---

Plaintiff's motion for joinder of party defendants, providing the Court with the benefit of adversarial briefing on each issue. Therefore, under these circumstances, the Court will proceed to consider the motions together.

Alternatively, if the failure to attach the proposed second amended complaint to the motion for joinder of party defendants would preclude the relief granted herein, the Court would permit Plaintiffs to refile the motion for joinder of party defendants attaching the proposed second amended complaint.

5

Rule 26(f) conference. Additionally, at the time Plaintiff Euphoric filed the motion to amend, three months remained until the completion of discovery deadline of November 20, 2025.[7] (Doc. 109.) *Cf. Bell*, 160 F.3d at 454 (affirming denial of motion for leave to amend for undue delay and prejudice where the motion was filed *after* the discovery deadline expired and five weeks prior to trial).

Ultimately, "[t]he party opposing a motion to amend must show that it will be unfairly prejudiced." *Brown v. Pfeiffer*, No. 19-cv-03132-MWW-KMM, 2020 WL 1164594, at *4 (D. Minn. Mar. 11, 2020) (citing *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000)). Other than the timeliness issue, which the Court does not find persuasive for the reasons explained above, Defendants argue that "another modification to the scheduling order to accommodate new parties asserting new claims is highly prejudicial to the current defendants," without explaining what that prejudice is. (Doc. 171 at 3.) Permitting the amended pleading as proposed will somewhat expand the litigation by incorporating new parties and claims; however, Plaintiff Euphoric has been diligent in seeking this amendment and Defendants have not specifically shown that prejudice will result, apart from the general burden of additional time or cost. *See id.* ("They reference that the amended pleading might expand the scope of the litigation against them or require them to incur additional cost. However . . . such costs are not enough on their own to deny leave."). Moreover, the "burden of undertaking [additional] discovery" due to the amendment of pleadings is not a sufficient reason for denial of a motion to amend. *Id.*; *see also Dennis*, 207 F.3d at 525-26 (reversing district court's denial of a motion to amend answer as an abuse of discretion, finding that proposed amended answer adding an additional defense would not prejudice the plaintiff in that case, even where the motion to amend the answer was filed after the close of discovery, the amendment asserted an additional defense, and amendment would require reopening discovery).

Thus, here, where Plaintiff Euphoric timely filed the motion for leave to amend pursuant to the amended scheduling order, three months remained until the close of discovery, and Defendants failed to specifically describe what prejudice will result if leave to amend is granted, the Court finds that amendment will not cause undue delay or prejudice Defendants. The Court

---

[7] Originally, the parties sought—and the Court adopted—a completion of discovery deadline of September 15, 2025. (Docs. 32, 38.) Subsequently, the Court entered an amended scheduling order extending the completion of discovery deadline at Plaintiffs Euphoric and Unikc's request, and over many Defendants' objection, to November 20, 2025. (Doc. 109.)

6

would thus grant Plaintiff's motion for leave to amend the complaint under the liberal amendment of pleading standard of Rule 15. However, it is not enough to satisfy Rule 15 when a party seeks to join non-parties to the action. *See, e.g.*, *Smith v. Planned Parenthood*, 225 F.R.D. 233, 242 (E.D. Mo. 2004) ("[a] plaintiff may seek to bring additional parties plaintiff into an action only by amending the complaint" and satisfying Rule 20); *Isg Tech. v. Secure Data Techs.*, No. 20-cv-03345-SRB, 2021 WL 537095, at *3 (W.D. Mo. Feb 12, 2021) (applying Rule 20 and Rule 15 when determining whether to permit amendment of complaint to join additional defendant). Therefore, the Court must also determine whether the proposed defendants may be properly joined and whether the proposed plaintiff (The Sourze) may intervene.

## II. Motion for Joinder of Party Defendants

Plaintiff Euphoric moves to join eight additional party defendants under the federal joinder rules, either Rule 19 or Rule 20 of the Federal Rules of Civil Procedure. The eight proposed defendants are as follows: (1) Murfin, Inc., a limited liability corporation whose directors are existing Defendants Jeremy Hurt and Matthew Vos; (2) Allred, Inc., a corporation whose president, secretary, and director is existing Defendant Brett Allred; (3) Allred Holdings, LLC, a limited liability corporation whose sole director and registered agent is existing Defendant Brett Allred; (4) Westport Development, LLC;[8] (5) AC Westport, LLC, a limited liability corporation doing business as The Denver Biscuit Company; and (6) DB Icehouse, LLC, a limited liability corporation owned and managed by proposed additional defendants (7) Joe Mark Niebur and (8) Gregory Bartold. (Doc. 143-1 at ¶¶ 24-31.) The proposed second amended complaint alleges, *inter alia*, that each of these proposed defendants engaged in a conspiracy to commit racial discrimination in violation of 42 U.S.C. § 1985 by stopping African American business owners from opening and operating new businesses in the Westport community. (Doc. 143-1 at 44-47.)

### A. Legal Standard

Federal Rule of Civil Procedure 19 applies to required joinder of parties whereas Rule 20 applies to permissive joinder of parties. Pursuant to Rule 19(a)(1)(A), a party is necessary and must be joined when feasible if "in that person's absence, the court cannot accord complete relief

---

[8] Westport Development, LLC, was previously dismissed without prejudice by joint stipulation of all parties pursuant to Rule 41(a)(1)(A)(ii), (Doc. 23), and was terminated from the case. Plaintiff Euphoric alleges at this juncture that the stipulation of dismissal was filed by Attorney Rauzi without Plaintiffs' authorization. Regardless, the dismissal was without prejudice and the Court considers joinder as to Westport Development, LLC, alongside the other proposed defendants.

7

among existing parties." To determine whether the Court can accord complete relief, "the focus is on relief between the existing parties and not on the speculative possibility of further litigation between a party and an absent party." *Cedar Rapids Bank & Tr. Co. v. Mako One Corp.*, 919 F.3d 529, 534-35 (8th Cir. 2019) (quoting *LLC Corp. v. Pension Benefit Gaur. Corp.*, 703 F.2d 301, 306 (8th Cir. 1983)) (cleaned up).

Pursuant to Rule 20(a)(2), which governs permissive joinder, non-parties may be joined as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

"In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Generally, "all 'logically related' events entitling a person to institute a legal action against another . . . are regarded as comprising a transaction or occurrence." *Id.* Thus, "Rule 20 permits 'all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" *Fulghum v. Allen*, 626 F. App'x 653, 655 (8th Cir. 2015) (quoting *Mosley*, 497 F.3d at 1333).

### B. Required Joinder of Parties

First, Plaintiff Euphoric argues that each proposed defendant is a required party that the Court must join to accord complete relief in this case. As to all proposed Defendants, Plaintiff Euphoric argues that they are involved in the conspiracy to commit racial discrimination in violation of 42 U.S.C. § 1985. As to a number of the proposed defendants—Murfin, Inc.; Allred, Inc.; Allred Holdings, LLC; AC Westport, LLC; and DB Icehouse, LLC—Plaintiff Euphoric additionally argues that various existing defendants act as agents for those principal companies, making the companies vicariously liable. Plaintiff thus concludes that the Court cannot accord complete relief without joining the principals. Current Defendants and non-party proposed defendant AC Westport, LLC, oppose joinder arguing that the additional defendants, as co-conspirators, are not required parties.

As to Plaintiff Euphoric's first argument, that the proposed defendants are all co-conspirators with the existing defendants, "Rule 19 does not require joinder of each and every joint tortfeasor or co-conspirator." *Speaks Fam. Legacy Chapels, Inc. v. Nat'l Heritage Enters.*,

8

No. 2:08-cv-04148-NKL, 2009 WL 2391769, at *8 (W.D. Mo. Aug. 3, 2009) (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990)); *see also Two Shields v. Wilkinson*, 790 F.3d 791, 797 (8th Cir. 2015). Because such parties are typically held jointly and severally liable, the Court can accord complete relief to a plaintiff even where some co-conspirators have not been joined. Plaintiff Euphoric argues that joinder is nevertheless required because these defendants will emerge as active participants "in the allegations made in the complaint that are critical to the disposition of the important issues in the litigation." *Two Shields*, 790 F.3d at 797 (quoting *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999)). However, Plaintiff Euphoric's second argument—that the proposed defendants are principals that should be held vicariously liable for the actions of the agents—suggests that some of the proposed defendants are not active participants. Even if they were active participants,

> neither *Two Shields* nor *Laker Airways* held that any time a non-party was an 'active participant' in alleged wrongdoing, the non-party is a required party under Rule 19(a)(1). Such a holding would mark a dramatic shift in joinder law, as an absent joint tortfeasor is *always* an 'active participant' in the acts that give rise to the plaintiff's injuries, and yet "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."

*Micek v. Mayo Clinic*, No. 21-cv-0436 (PJS/ECW), 2021 WL 5282755, at *4 (D. Minn. Nov. 12, 2021) (quoting *Temple*, 498 U.S. at 7). Thus, requiring joinder of all "active participants" in the conspiracy as Plaintiff Euphoric suggests is contrary to established joinder principles.

As to Plaintiff Euphoric's second argument, that the proposed defendants are principals that should be held vicariously liable for the actions of the agents, Plaintiff provides no caselaw suggesting that a principal of an agent (who is an existing defendant) must be joined to accord complete relief in a case. To the contrary, it appears that Rule 19(a) does not require joinder of both a principal and agent. *See Orengo v. Berkel & Co. Contractors*, No. 16-4635, 2016 WL 7474476, at *3 (E.D. Pa. Dec. 28, 2016) (collecting cases from 10th Circuit, E.D. Pa., and D.N.J.); *Nationwide Prop. & Cas. Ins. v. Jacobsen*, No. 7:14-cv-00516, 2015 WL 6958270, at *2 (W.D. Va. Nov. 10, 2015) (collecting cases from N.D. Ga., S.D.N.Y., and S.D. Ohio); *PMC Sales, Inc. v. Quadbridge, Inc.*, No. 3:14-cv-2806-L, 2016 WL 407300, at *4 (N.D. Tex. Feb. 3, 2016). Other district courts have found that joinder of both the principal and agent is not required even when a theory of vicarious liability could be asserted and both the principal and agent were allegedly involved in the wrongful acts. *See Orengo*, 2016 WL 7474476, at *3.

9

Accordingly, the Court concludes that the proposed defendants are not required parties that it *must* permit joinder of under Rule 19(a)(1)(A).[9] Therefore, the Court proceeds to consider whether the proposed defendants *may* be joined under Rule 20.

C. **Permissive Joinder**

Plaintiff Euphoric argues that each proposed defendant may be joined because, particularly as to the race discrimination conspiracy claim, Plaintiffs seek to hold the existing and proposed defendants liable "jointly, severally, or in the alternative"[10] for claims arising out of the same transaction or occurrence, and the claims will all share at least one common question of fact or law. The Court agrees with Plaintiff Euphoric that permissive joinder of the proposed defendants is proper in this case.

"Co-conspirators are generally held 'jointly and severally liable for damages caused by their conspiracy.'" *Madearis v. Kan. City Art Inst.*, No. 08-cv-0467-W-FGJ, 2008 WL 4831754, at *3 (W.D. Mo. Nov. 3, 2008) (quoting *Hobson v. Brennan*, 646 F. Supp. 884, 893 (D.D.C. 1986) (holding that FBI agents were jointly and severally liable for violating protesters' civil rights according to general principles of conspiracy and § 1985)). In *Madearis*, the court concluded that the plaintiff's § 1985 claim against existing defendants and the proposed defendant satisfied the requirement that the claims assert joint, several, or alternative liability against the defendants. *Id.* The Court concludes the same here. Further, the Court concludes that the § 1985 claim against the proposed defendants arises out of the same transaction or occurrence as the main action because the second amended complaint alleges the proposed defendants and existing defendants engaged in the *same conspiracy* to commit racial discrimination by stopping African American business owners from opening and operating new businesses in Westport. *See id.*

Defendants argue that a "transactional link" is missing, despite Plaintiffs' claims that the defendants were engaged in the same conspiracy. *See DIRECTV v. Loussaert*, 218 F.R.D. 639, 642 (S.D. Iowa 2003) ("Although the same transaction or occurrence requirement of Rule 20 may be construed liberally, this does not mean joinder is proper in the absence of a transactional link.")

---

[9] Plaintiff Euphoric also argues that proposed defendants must be joined pursuant to Rule 19(a)(1)(B). However, Plaintiff did not develop any arguments in support of required joinder under this subsection. Accordingly, the Court does not consider Rule 19(a)(1)(B) further.

[10] See Fed. R. Civ. P. 20(a)(2)(A). Here, "in the alternative" refers to seeking recovery from an additional defendant on an alternative theory of recovery. In this case, the portion of the provision regarding joint and several liability appears more relevant, as Plaintiff Euphoric seeks to assert the same causes of action against the existing and proposed defendants.

10

(citing *Mosley*, 497 F.2d at 1332). In *DIRECTV*, the court reasoned that while the plaintiff alleged all defendants had "violated the same statutes," entitling plaintiff to relief, "the alleged violations of each defendant did not arise out of the same transaction or occurrence." *Id.* The court also noted that there was no common policy among the defendants to commit discrimination. *Id.* Conversely, in *Mosley* the court found that "[t]he same transaction or occurrence [requirement] . . . was satisfied because the separate acts allegedly committed by each of the defendants promoted a common discriminatory purpose." *Id.* (citing *Mosley*, 497 F.2d at 1334). This case is more like *Mosley* than *DIRECTV*. Plaintiffs have alleged a common conspiracy and discriminatory purpose as to all defendants—existing and proposed—to stop African American business owners from opening or operating new businesses in Westport.

Further, the Court is persuaded that the claims against the existing defendants and proposed defendants "will raise at least one common issue: whether a conspiracy existed between the . . . parties." *Madearis*, 2008 WL 4831754, at *3 (concluding permissive joinder of alleged § 1985 co-conspirator was proper). While a single common issue of fact or law is sufficient, the Court notes that there are likely additional common issues. (*See* Doc. 166 at 6-8 (reciting allegations and facts which pertain to all existing and proposed defendants).)

Therefore permissive joinder of the eight proposed defendants is proper, and Plaintiff Euphoric's motion for joinder of party defendants is **GRANTED**.

### III. Motion to Intervene by The Sourze, LLC

The Sourze, LLC, moves to intervene in this action as a party plaintiff. The Sourze seeks to assert the currently pending claims brought by Euphoric, LLC, and Unikc, LLC, against all Defendants,[11] as well as assert an additional claim on its own behalf for breach of contract against DB Icehouse, LLC, Joe Mark Niebur, and Gregory Bartold. Plaintiff Euphoric's motion for leave to file a second amended complaint indicates that "[u]ndersigned counsel has conferred with Plaintiffs Euphoric, LLC and Unikc, LLC, and the plaintiffs are not opposed to allowing The Sourze, LLC, to join the underlying action as a party plaintiff pursuant to its Motio[n] to Join filed August 15, 2025." (Doc. 143 at 5, ¶ 33.)

---

[11] These include the claims alleging violations of 42 U.S.C. §§ 1981, 1982, 1985, and 1986; civil conspiracy, tortious interference with contract, tortious interference with business expectancy, and conspiracy to violate antitrust or trade law. (*Compare* Doc. 16, *with* Doc. 143-1.)

11

## A. Legal Standard

Federal Rule of Civil Procedure 24 distinguishes between two types of intervention—intervention as of right and permissive intervention.[12] For either intervention as of right or permissive intervention, the motion must be timely. *See Liddell v. Special Admin. Bd. of the Transitional Sch. Dist. of St. Louis*, 894 F.3d 959, 966 (8th Cir. 2018) (remanding to district court to first determine whether "the motion to intervene is timely," and then to "proceed to the merits" of whether mandatory or permissive intervention applies). To determine whether a motion to intervene is timely, the Court considers four factors: "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." *Planned Parenthood of the Heartland v. Heineman*, 664 F.3d 716, 718 (8th Cir. 2011).[13]

Intervention as of right applies when the movant "claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).[14] In other words, a party seeking intervention as of right "must establish that: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *South Dakota v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). When a motion to intervene as of right is timely and satisfies these requirements, "the court must grant" such motion. Fed. R. Civ. P. 24(a).

Permissive intervention, in contrast, may be allowed if the motion is timely and the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed.

---

[12] The procedural rules regarding intervention apply when a non-party seeks to enter a case on its own application to the Court, compared to an existing party seeking to join a non-party. While The Sourze's motion seems to conflate joinder and intervention language at times, the Court construes the motion as one to intervene under Federal Rule of Civil Procedure 24 because The Sourze filed the motion on its own behalf. (*See* Doc. 145 at 1.)

[13] In the Eighth Circuit, an intervenor must also have Article III standing. *See Mausolf v. Babbitt*, 85 F.3d 1295, 1300-01 (8th Cir. 1996). Defendants do not oppose The Sourze's motion to intervene on standing grounds, and the Court concludes at this preliminary stage that The Sourze has standing for the reasons set forth in its motion. (*See* Doc. 146 at 8-12.)

[14] The Sourze does not argue that subsection 24(a)(1), which permits intervention as of right to anyone who "is given an unconditional right to intervene by a federal statute," applies.

12

R. Civ. P. 24(b)(1)(B).[15]  The Court has discretion to grant or deny permissive intervention and considers three factors:  "(1) whether the motion to intervene is timely; (2) whether the applicant's claim or defense shares a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights." *KC Tenants v. Byrn*, No. 20-cv-00784-W-HFS, 2020 WL 7038582, at *4 (W.D. Mo. Nov. 30, 2020) (citing *Curry v. Regents of the Univ. of Minn.*, 167 F.3d 420, 423 (8th Cir. 1999)).

   **B.   Timeliness of Motion to Intervene**

   The Court begins with the question of whether The Sourze's motion to intervene is timely. *See Scott v. United States*, No. 4:10-cv-1578-TCM, 2011 WL 13366300, at *2 (E.D. Mo. Oct. 3, 2011) ("[T]he question of an intervention motion's timeliness must be the first issue reached." (citing *NAACP v. New York*, 413 U.S. 345, 365 (1973); *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010))).  The Sourze first argues that its motion to intervene is timely under the operative scheduling order in this case, which established August 15, 2025, as the deadline for joinder of parties and amendment of pleadings.  (Doc. 109.)  The Sourze also argues that its motion is timely as to the four factors relevant to timeliness indicated above. Defendants argue that this case is no longer in the early stages of litigation because the parties have engaged in substantial written discovery, motion practice, and mediation; that The Sourze knew about the litigation and delayed six months before intervening without sufficient reason; and that the delay in seeking intervention would prejudice Defendants.

   Defendants correctly suggest that between the filing of the case and the filing of the motion to intervene the existing parties engaged in written discovery, motion practice (including Drew Shader's motion to dismiss, Plaintiffs' motions for extension of time to obtain service, and Plaintiff Euphoric's pending motion for preliminary injunction), and mediation.  However, at the time The Sourze filed its motion, three months remained before the close of discovery.  (Doc. 109.) *See Smith's Ready Mix, Inc. v. Liberty Mut. Ins.*, No. 4:18-cv-04014, 2018 U.S. Dist. LEXIS 191773, at *9-11 (W.D. Ark. Nov. 9, 2018) (finding as timely a motion to intervene filed 60 days before the close of discovery deadline).  Moreover, even though the parties have engaged in some written discovery and motion practice (mostly procedural rather than substantive/merits-based), "[t]his is not necessarily determinative, as an intervention motion is not necessarily untimely even where

---

[15] The Sourze does not argue that subsection 24(b)(1), which permits permissive intervention to anyone who "is given a conditional right to intervene by a federal statute," applies.

13

the 'litigation is nearly wrapped up' or where the motion is 'postjudgment or even post-appeal.'" *Colella's Super Mkt., Inc. v. SuperValu, Inc.*, 849 F.3d 761, 767 (8th Cir. 2017) (quoting *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008)). Further, while written discovery has been conducted, it does not appear that any depositions had been taken in this case at the time The Sourze filed this motion.

As to factors two and three, the Court recognizes that it is undisputable that The Sourze was aware of this litigation from the outset because it was named as one of two plaintiffs in the initial complaint. (See Doc. 1.) Thus, Defendants argue that The Sourze does not have good reason for a six-month delay in seeking to rejoin the action. The initial complaint was filed pro se by Euphoric and The Sourze; because corporations cannot proceed pro se, Defendants filed a motion to dismiss on this ground which led to the entry of appearance of Euphoric's first attorney and the filing of the amended complaint which did not include The Sourze. (*See* Docs. 4, 5, 16.) The Sourze explains that it took six months to file its motion to intervene because it did not trust the attorney retained by Plaintiff Euphoric and that The Sourze thus needed time to obtain its own counsel. Under these circumstances, the Court concludes that the short six-month delay from when The Sourze was effectively removed from the action upon the filing (by Plaintiff Euphoric's counsel, Attorney Rauzi) of the first amended complaint is reasonable.

In addition, the Court is not persuaded that the short delay in The Sourze seeking intervention imposes any meaningful prejudice as to the existing parties. Defendants argue that The Sourze's intervention will allow the existing Plaintiffs to work around their failure to designate an expert witness prior to the deadline for doing so. Proper and timely designation of an expert by The Sourze upon intervention as a party plaintiff would mean that The Sourze (and not any other existing plaintiff) has designated an expert.[16] Otherwise, Defendants only make general allegations that they will be prejudiced by The Sourze's intervention. It appears that Defendants are arguing that prejudice will arise because they will be required to conduct additional discovery

---

[16] On September 9, 2025, Plaintiff Unikc filed a second motion to amend the scheduling order to permit "Plaintiffs additional time to designate expert witnesses," which deadline to do so previously expired on June 16, 2025. (Doc. 194.) Like Plaintiff Euphoric's motions, although this motion is purportedly filed by "Plaintiffs UNIKC, LLC and EUPHORIC, LLC by and through counsel," it is signed only by Attorney Williams (who only represents Plaintiff Unikc) and not by any counsel for Plaintiff Euphoric. That motion is not yet fully briefed. The Court will separately consider Plaintiff Unikc's motion to amend the scheduling order as to its (expired) deadline to designate expert witnesses in due course.

14

and that the size of the litigation will increase. However, even though adding an additional plaintiff "will naturally increase the burden on the original litigants in terms of new filings and new seats 'at the table,' that alone is insufficient to warrant denial of the motion to intervene." *Franconia Minerals (UK) LLC v. United States*, 319 F.R.D. 261, 268 (D. Minn. 2017). Ultimately, the Court concludes that The Sourze's motion to intervene is timely under the circumstances of this case.

### C. Intervention as of Right

The Sourze argues that it may intervene as a matter of right because it has an interest in the subject matter of the litigation which cannot be adequately protected by the current parties. Defendants argue that The Sourze has not shown an adequate interest in the subject matter of the litigation, which deals with two properties (4128 Broadway and 4140 Pennsylvania) in Westport in relation to the existing Plaintiffs' claims to which The Sourze has no connection.

While The Sourze asserts the same conspiracy to commit racial discrimination claim against the Defendants, it is not clear whether its claim pertains to the precise "property or transaction which is the subject of the action." For example, each Plaintiff asserts claims related to its own attempt to operate a business in Westport. Each Plaintiff was interested in a different location, the lease for which was to be entered into with a different Defendant (or group of Defendants). It does not appear that The Sourze shares any interest in existing Plaintiffs' claims regarding 4128 Broadway or 4140 Pennsylvania.[17] Moreover, The Sourze's breach of contract claim is not yet part of this litigation. Therefore, it is not relevant whether any existing party would adequately represent that interest. For these reasons, it is unclear whether The Sourze must be permitted to intervene as of right. However, as explained below, the Court otherwise finds that permissive intervention by The Sourze is proper in this case.

### D. Permissive Intervention

As discussed above, the Court has concluded that the motion to intervene was timely and that it will not unduly delay or prejudice the existing parties' rights. Therefore, all that remains is to consider whether The Sourze's claims share a common question of law or fact with the main action. *See KC Tenants*, 2020 WL 7038582, at *4 (setting forth three requirements for permissive joinder) (citing *Curry v. Regents of the Univ. of Minn.*, 167 F.3d 420, 423 (8th Cir. 1999)). Similar

---

[17] The Court also notes that it appears The Sourze has retained Plaintiff Euphoric's counsel as its own counsel. At minimum, this dual representation suggests that there is no potential conflicting interests between The Sourze and Euphoric.

to the Court's analysis above regarding the permissive joinder of the proposed defendants, the Court here concludes that The Sourze's claims share at least one common issue with the main action: whether defendants entered a conspiracy to commit racial discrimination. *Madearis*, 2008 WL 4831754, at *3.[18] Therefore, the Court finds that it is proper for The Sourze to intervene under Rule 24(b)(1)(B). Accordingly, The Sourze's motion to intervene as a party plaintiff is **GRANTED**.

## IV. Other Pending Motions

In light of the Court's rulings above, the Court now addresses three additional pending motions: (1) Plaintiff Euphoric's motion for extension of time to perfect service on Defendants Zach Marten and Brandi Degenhardt,[19] (Docs. 129, 130), which Defendants oppose, (Doc. 148); (2) Defendant 4128 Broadway, LLC's motion to amend its answer, (Doc. 150), which is fully briefed, (Docs. 151, 160, 190); and (3) Defendant Harold Brody's motion to amend his answer, (Doc. 152), which is also fully briefed, (Docs. 153, 160, 191).

### A. Motion for Extension of Time to Perfect Service

To date, Defendants Zach Marten and Brandi Degenhardt have not yet been served. Accordingly, the Court ordered Plaintiffs to show cause why these defendants were not timely served and to file proof of service as to both defendants by August 8, 2025. (Doc. 101.) On August 8, 2025, Plaintiffs jointly filed a show-cause response, which outlined the steps taken to effectuate service of process on the remaining defendants.[20] (Doc. 128) The deadline for service, June 13,

---

[18] While the majority of The Sourze's claims mirror the existing Plaintiffs' claims, its breach of contract claim is admittedly unique to The Sourze and expands the litigation in this instance. The extent to which an intervenor may expand an action is a contested issue among federal courts. However, it appears that "it is a matter of judicial discretion whether to allow such [additional] claims to be asserted by a permissive intervenor." *See* BUS. & COMM. LITIG. IN FED. CTS., *Rights of Intervenor Following Intervention* § 24:64 (5th ed., Nov. 2024 update).

Expansion of the litigation is a factor the Court considers in determining whether to permit intervention, but it does not preclude intervention. *See EEOC v. CRST Van Expedited, Inc.*, No. 07-cv-0095, 2008 WL 4397478, at *3 (N.D. Iowa Sept. 26, 2008) (permitting intervention where intervenor asserted a retaliation claim which "add[ed] a new theory of recovery" to the case). "Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor." *Id.* (citing *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999)).

[19] As with the other motions, although this motion states that it is filed jointly by both Plaintiff Euphoric and Plaintiff Unikc, it is signed only by Attorney Brown (representing only Plaintiff Euphoric); it is not signed by counsel for Plaintiff Unikc nor has Plaintiff Unikc sought leave to join the motion.

[20] This joint filing was properly signed by both counsel for Plaintiff Euphoric and Plaintiff Unikc.

16

2025, passed while Plaintiff Euphoric was represented by its prior counsel; at this time, Plaintiffs indicate that they have filed a bar complaint against former counsel because of his conduct in this case. (Doc. 128 at 5.) Filed simultaneously with Plaintiffs' joint show-cause response was Plaintiff Euphoric's motion for extension of time to perfect service under Federal Rule of Civil Procedure 4(m). (Doc. 129.)

Because the Court is granting Plaintiff Euphoric's motion for leave to file a second amended complaint, it is unclear whether the Court must rule on the pending motion for extension of time to effectuate service of the amended complaint. Regardless, for sake of completeness, the Court finds that Plaintiff Euphoric has shown good cause and excusable neglect justifying an extension of time to perfect service in light of prior counsel's attempts to complete service of process as to these two defendants, new counsel's diligence in pursuing this litigation, and, most importantly, Defendant Marten and Degenhart's proximity and relationship to other Defendants in this case (which indicates that the defendants are likely aware of this litigation and may be avoiding service). Accordingly, Plaintiff Euphoric's motion for extension of time to perfect service as to Defendants Marten and Degenhart is **GRANTED**.

### B. Motions for Leave to Amend Answers

Finally, Defendants 4128 Broadway, LLC, and Harold Brody move to amend their answers to include additional affirmative defenses. In light of the Court's rulings above, the Court finds that it need not rule on those motions, and they are **DENIED as moot**. *See Fisher v. PGCPS Bd. of Edu.*, No. 23-cv-1693-BAH, 2024 WL 989558, at *3 (D. Md. Mar. 6, 2024) (denying as moot motions to amend answers after directing plaintiff to file an amended complaint); *Vegas Diamond Props., LLC v. La Jolla Bank, FSB*, No. 10-cv-1205-WQH-BGS, 2011 WL 2633590, at *3 (S.D. Cal. July 5, 2011) (denying as moot motion to amend answer after granting motion for leave to file amended complaint). Defendants will have an opportunity to respond to Plaintiffs' forthcoming second amended complaint, and Defendants may assert any and all affirmative defenses in those answers (regardless of whether such defenses were included in their answers to the first amended complaint).

## Conclusion

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** as follows:

(1) Plaintiff Euphoric's motion for joinder of party defendants and motion for leave to file a second amended complaint and non-party The Sourze's motion to intervene, (Docs. 136, 143, 145), are **GRANTED**. Plaintiffs shall file the Second Amended Complaint—*signed by counsel for each party plaintiff*—within five (5) days of the date of this Order;

(2) Plaintiff Euphoric's motion for leave for extension of time to perfect service as to Defendants Zach Marten and Brandi Degenhardt, (Doc. 129), is **GRANTED**. Service of process is due twenty (20) days after the filing of the Second Amended Complaint; and

(3) Defendants 4128 Broadway, LLC's and Harold Brody's motions to amend answers, (Docs. 150, 152) are **DENIED as moot**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 7, 2025