UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EUPHORIC LLC, ET. AL. ) | |
| ) | |
| ) | Case No. 4:25−cv−00023−RK |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| WESTPORT COMMUNUITY ) | |
| IMPROVEMENT DISTRICT, ET. AL. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS PURPORTED SECOND AMENDED COMPLAINT

COMES NOW Plaintiffs UniKC, LLC, Euphoric, LLC, and the Sourze, LLC (collectively "Plaintiffs") by and through undersigned counsel, hereby respectfully offers these Suggestions in Opposition to Defendants Joint Motion to Strike Plaintiffs Purported Second Amended Complaint, in support of the Suggestions in Opposition, Plaintiffs state as follows:

## I. INTRODUCTION

Defendants move to strike Plaintiffs' Second Amended Complaint ("SAC") on the sole basis that it was not signed by counsel for each Plaintiff, as required by Rule 11 and the Court's October 7, 2025, Order. Plaintiffs respectfully oppose the Motion and request the Court deny the relief sought, as this inadvertent mistake and technical deficiency can be promptly cured without prejudice to Defendants or delay to the proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Court granted Plaintiffs' Motion for Leave to File a Second Amended Complaint on October 7, 2025. Plaintiffs complied with the Court's Order and timely filed the SAC on October

10, 2025. While the SAC was signed by Cecilia Brown, counsel for Plaintiffs Euphoric, LLC and Sourze, LLC, her signature block inadvertently omitted reference to her representation of Plaintiff Sourze, LLC, and the signature block for counsel representing Plaintiff UniKC, LLC was also inadvertently excluded. These errors were the result of a clerical oversight and were not intended to circumvent Rule 11 or the Court's directives. Such inadvertent mistakes can occur even among diligent attorneys, as evidenced by Defendants' Joint Motion and Suggestions in Support, which omitted bar numbers for certain counsel of record. All Plaintiffs have reviewed and authorized the SAC, and counsel for UniKC, LLC and Sourze, LLC are prepared to promptly sign and refile the SAC if the Court so requires, or, in the alternative, seek leave to file a Third Amended Complaint to ensure full compliance with procedural requirements.

### III. STANDARD OF REVIEW

"Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper **unless the omission is promptly corrected after being called to the attorney's or party's attention**." Fed. R. Civ. P. 11(a).

### IV. ARGUMENT

#### A. The Purpose of Rule 11 Is Satisfied

Rule 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The signature serves to certify that the pleading is well-grounded in fact and law and not filed for improper purposes. *See* Fed. R. Civ. P. 11(b). In

*Alexander v. Medtronic, Inc.*, four plaintiffs proceeded pro se, but only one signed the petition after the Court directed correction of the initial omission. The Court recognized that the purpose of Rule 11(a) is to ensure that each named party affirmatively consents to the filing of an action on their behalf. Because the defendants did not claim any prejudice resulting from the omission, the Court treated the error as a technical defect. Without a formal request from the plaintiffs, the Court exercised its discretion to grant twenty-one days for the remaining plaintiffs to submit signed copies of the pleadings to cure the deficiency. See *Alexander v. Medtronic, Inc.,* No. 2:12-CV-4104-NKL, 2012 WL 2049827, at *2 (W.D. Mo. June 6, 2012).

Here, the Second Amended Complaint ("SAC") was prepared and filed with the full authorization of all Plaintiffs, and its factual and legal contentions are supported by counsel for each Plaintiff. The omission of signature blocks for counsel representing UniKC, LLC and Sourze, LLC was inadvertent and does not reflect any substantive deficiency or any attempt to circumvent the requirements of Rule 11. Regrettably, counsel for Euphoric, LLC and Sourze, LLC unknowingly filed a prior version of the SAC that did not include all required signature blocks. Counsel was unaware of this clerical error until Defendants filed their Joint Motion. Out of respect for the Court and in the interest of promptly correcting the record, Plaintiffs are taking immediate steps to remedy the oversight on the same day the issue was identified. Plaintiffs' counsel for UniKC, LLC and The Sourze, LLC are prepared to promptly sign and refile the SAC, or, if necessary, seek leave to file a Third Amended Complaint to cure any technical defect.

### B. Defendants Do Not Claim Prejudice

Here, Defendants do not and cannot claim any prejudice from the omission, as the SAC was timely filed, served, and all Plaintiffs stand behind their allegations. As such, relief sought of striking the SAC, dismissing the case or awarding the Defendants' attorney fees is

disproportionate and contrary to the remedial purpose of Rule 11(a). Plaintiffs have acted in good faith, and any technical deficiency is readily curable. But "in the absence of prejudice, the district court can treat the defect as technical and should grant leave to correct a failure to sign. *Id.* The Court should deny Defendants' request for dismissal, costs, or attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' Joint Motion to Strike. Alternatively, should the Court find any technical defect, Plaintiffs request leave to promptly refile the Second Amended Complaint with signatures from counsel for all Plaintiffs, or, if necessary, seek leave to file a Third Amended Complaint to cure any such defect, as permitted by Rule 11(a).

Respectfully submitted,

By: **THE LAW OFFICE OF STEPHEN R. WILLIAMS, LLC**

/s/ Stephen R. Williams
 Stephen R. Williams MO # 59416
4520 Main Street, Suite 700
 Kansas City, MO 64111
Office: 816.285.6047
Fax: 816.756.1999
stephen@srwilliamslaw.com
**ATTORNEY FOR PLAINTIFF UniKC, LLC**

**Cecilia Brown
Cecilia Nuby & Associates, LLC**
Missouri Bar Number:  67646
Kansas Bar Number:  78602

Illinois Bar Number: 6346825
117 E. 29TH STREET
Kansas City, Missouri 64108
Phone: (913)-200-7900
Fax: (913) 273-0996
E-mail: Cecilia@NubyLaw.com
**ATTORNEY FOR PLAINTIFFS EUPHORIC LLC AND THE SOURZE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Western District of Missouri Western Division utilizing the Court's CM/ECF Electronic Filing System on this 24th Day of October 2025 which will send a notice of filing to all counsel of record.

<u>/s/ *Stephen R. Williams*</u>
Attorney for Plaintiff