# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| EUPHORIC, LLC, ET. AL. | ) | |
| | ) | |
| | ) | **Case No. 4:25−cv−00023−RK** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| WESTPORT COMMUNUITY | ) | |
| IMPROVEMENT DISTRICT, ET. AL. | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT 4128 BROADWAY, LLC TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND REQUEST FOR IMMEDIATE INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

For its answer to the Plaintiff's Second Amended Complaint and Request for Immediate Injunctive Relief and Declaratory Judgment, Defendant 4128 Broadway, LLC states:

1. Denies paragraph 1 except admits that Plaintiffs have filed this civil action generally seeking relief as alleged in paragraph 1.

2. Denies information sufficient to form a belief as to the truth of paragraph 2 and therefore denies paragraph 2 except admits that the records of the Missouri Secretary of State reflect that EUPHORIC LLC filed Articles of Organization on September 3, 2024.

3. Denies information sufficient to form a belief as to the truth of paragraph 3 and therefore denies paragraph 3 except admits that Christopher Lee is a Black/African American male.

4. Denies information sufficient to form a belief as to the truth of paragraph 4 and 5 and therefore denies paragraph 4 and  paragraph 5.

5. Denies information sufficient to form a belief as to the truth of paragraph 6 to paragraph 21, inclusive, and therefore denies paragraph 6 to paragraph 21, inclusive, excepts admits that the

1

Westport Community Improvement District "CID" has offices of 4050 Pennsylvania Avenue, Suite M-100, Kansas City, Missouri.

6. Admits paragraph 22 except denies that the principal place of business of Defendant 4128 Broadway, LLC is located at the premises commonly known as 4128 Broadway, Kansas City, Missouri 64111 "4128 Broadway Premises".

7. Admits paragraph 23 except denies that Defendant Harold S. Brody "Defendant Brody" is the managing member of Defendant 4128 Broadway, LLC.

8. Denies information sufficient to form a belief as to the truth of paragraph 24 to paragraph 31, inclusive and therefore denies paragraph 24 to paragraph 31, inclusive.

9. Denies paragraph 32 to paragraph 35, inclusive, except admits that Plaintiffs have filed this civil action generally seeking relief and the basis upon which such relief is sought from this Court as alleged in paragraph 32 to paragraph 35, inclusive.

10. Denies information sufficient to form a belief as to the truth of paragraph 36 to paragraph 130, inclusive, and therefore denies paragraph 36 to paragraph 130, inclusive.

11. Admits paragraph 131 and paragraph 133 to paragraph 136, inclusive, except denies that Defendant Brody is the owner or landlord of the 4128 Broadway Premises.

12. Admits paragraph 132 except denies information sufficient to form a belief as to the involvement or the extent of the involvement of either or both of Defendant Zach Marten and Brett Springs in the ownership, management and/or operation of the Ale House located at the 4128 Broadway Premises.

13. Admits Lee contacted Brody about leasing the 4128 Broadway Premises but denies information sufficient to form a belief as to the truth it is was upon his learning of the

vacancy of the 4128 Broadway Premises and therefore denies the remainder of paragraph 137.

14. Denies paragraph 138 to paragraph 140, inclusive.

15. Denies information sufficient to form a belief as to the truth of paragraph 141 and therefore denies paragraph 141 except admits that Plaintiff Euphoric, LLC made inconsistent and, upon information and belief, false representations to Defendant 4128 Broadway, LLC regarding its intended use of the premises as with more particularity set forth in this answer, affirmative defenses and counterclaim of 4128 Broadway, LLC against Plaintiff Euphoric, LLC.

16. Denies paragraph 142 to paragraph 146, inclusive, except admits that Christopher Lee took a trip of California to meet Defendant Harold Brody at his California residence.

17. Admits paragraph 147.

18. Denies paragraph 148.

19. Denies information sufficient to form a belief as to the truth of paragraph 149 to paragraph 150, inc1usive, and therefore denies paragraph 149 to paragraph 150, inclusive.

20. Denies paragraph 151 to paragraph 156, inclusive, except admits that on October 21, 2024 Defendant 4128 Broadway, LLC signed multiple copies of the Lease Agreement and Personal Guaranty of Lease required by the incomplete and contemplated lease transaction, selected copies of which were both attached as Exhibit A to the Plaintiff's Verified Complaint and Request for Immediate Injunctive and Declaratory Relief filed on January 14, 2024 and a selected copy of the Lease Agreement only was attached as Exhibit A to Plaintiff's First Amended Complaint and Request for Immediate Injunctive and Declaratory Relief filed on February 7, 2025 which documents each speak for itself and that none of

3

which such documents specified a commencement date of the Term of the incomplete and contemplated lease transaction.

21. Denies paragraph 157 to paragraph 158, inclusive, except admits that the content of the unidentified text message speaks for itself and that separate texts were sent to Christopher Lee and Brett Allred and to Christopher Lee and Franklin Kimbrough and to Christopher Lee and Larry.

22. Denies information sufficient to form a belief as to the truth of paragraph 159 and therefore denies paragraph 159 except admits that Articles of Organization were filed with the office of the Missouri Secretary of State on October 23, 2024 forming a limited liability company named "Ale House West, LLC" which identified Christopher Lee, Damion Johnson and Maurice McKinney as its organizers.

23. Denies paragraph 160 except admits that Ale House West.com, posted on social media on or about October 23, 2024 which post speaks for itself, featuring the "Ale House" signage of the previous tenant and solicited the public to apply on October 28, 2024 for positions of employment with "Ale House West" at its business location designated in the solicitation as the 4128 Broadway Premises.

24. Admits paragraph 161 with the understanding that it references the solicitation referenced in paragraph 160 that was posted by Ale House West.com. and otherwise denies paragraph 161.

25. Denies information sufficient to form a belief of the truth of paragraph 162 and therefore denies paragraph 162 including specifically that "community members invited several potential employees to meet" at the 4128 Broadway Premises.

26. Denies information sufficient to form a belief of the truth of paragraph 163 to paragraph 167, inclusive, and therefore denies paragraph 163 to paragraph 167, inclusive.

4

27. Denies paragraph 168 to paragraph 171, inclusive, except admits that Defendant Harold Brody advised and Christopher Lee knew that Plaintiff Euphoric, LLC did not have the permission of Defendant 4128 Broadway, LLC to market itself or to conduct business on the 4128 Broadway Premises using the Ale House name of its former tenant and that the name of Ale House West, LLC was changed to House of Broadway, LLC by a filing with the Office of the Missouri Secretary of State on October 24, 2024 with the name and address for the return of the filed document of manager@alehousewest.com.

28. Denies paragraph 172 to paragraph 177, inclusive, except admits that Defendant 4128 Broadway, LLC, did not turn over keys to the 4128 Broadway Premises to Plaintiff Euphoric, LLC on the October 28, 2024 advertised date for the Ale House West, LLC hiring event.

29. Denies information sufficient to form a belief of the truth of paragraph 178 and therefore denies paragraph 178.

30. Denies paragraph 179 to paragraph 184, inclusive, or information or knowledge sufficient to identify the quotes or quoted person(s) and therefore denies paragraph 179 to paragraph 184, inclusive, except admits that on October 23, 2024 that Christopher Lee called Defendant Brody at his place of residence located in California (Christopher Lee recorded part of this call without the knowledge or consent of either Defendant Brody or Defendant Brett Allred) and that Defendant Brody then joined Defendant Brett Allred into the call and there was discussion between Defendant Brett Allred and Christopher Lee of the nature of the bottle service nightclub operation of the Elevation Lounge of Jacksonville, Florida, that Christopher Lee was hiring a manager from the Elevation Lounge which surprised Defendant Brody as Christopher Lee had represented to him that he would be hiring the manager of the local Ocean Prime Restaurant and that the announced reopening by Christopher Lee of the 4128

Broadway Premises promoted as the "Ale House" raised concerns that it perpetuated the reputational damage to the Westport entertainment district caused by the problematic crowd of patrons and resulting violence that had previously occurred on or near the 4128 Broadway Premises when operated as the Ale House by the former tenant as a night club which had been an unsustainable concept that had ultimately resulted in the closure of the Ale House. And, in further answer to paragraph 179 to paragraph 184, inclusive, it was agreed to by Christopher Lee after the merged call with Brett Allred, Christopher Lee and Defendant Brody, that Plaintiff Euphoric, LLC would not promote or reopen the 4128 Broadway Premises as the "Ale House" and would set forth in writing for Defendant 4128 Broadway, LLC the intended use of the 4128 Broadway Premises by Plaintiff Euphoric, LLC as had been represented to Defendant Brody by Christopher Lee, to acknowledge and clarify that it would not be operated under the Ale House name or as a night club business concept which Plaintiff Euphoric, LLC thereafter repeatedly failed and refused to do although promised.

31. Denies information sufficient to form a belief as to the truth of paragraph 185 to paragraph 190, inclusive, and therefore denies paragraph 185 to paragraph 190, inclusive, except admits that Defendant Allred expressed concerns as generally described in his email referenced in the preceding paragraph 30 of this answer.

32. Admits paragraph 191 except denies that Mr. Lee had previously asked Defendant Hal Brody to provide him (Lee) with the keys to the 4128 Broadway Premises.

33. Denies paragraph 192 except admits that Defendant Brody met with Christopher Lee on the 4128 Broadway Premises on October 25, 2024 and Defendant Brody did not give Christopher Lee the keys to or agree to complete and contemplated transaction with Euphoric, LLC for the lease of the 4128 Broadway Premises after Christopher Lee had

repeatedly promised to set forth in a written format, but did not, the purported and represented business concept of Euphoric, LLC for the operation of 4128 Broadway Premises as more of a sports bar and restaurant concept focused on food service rather than alcohol beverage sales and that "*he had plans for pursuing a diverse crowd of patrons, customers and/or consumers, that were not only Black/African American*" (as alleged and admitted by paragraph 142 of the original complaint filed January 14, 2025) which Christopher Lee also represented to Defendant Brody would cater to an older demographic patron not expected to stay out much past midnight. The promised business concept set forth in a written format by Christopher Lee was intended to be available to address and alleviate any concerns expressed by Defendant Allred or others that Plaintiff Euphoric, LLC intended to implement a night club concept similar to the business operations of the former Ale House tenant, including marketing and operating under the name of the former Ale House tenant which Plaintiff Euphoric, LLC had not sought nor was given permission to use.

34. Denies paragraph 193 to paragraph 198, inclusive, except admits that the content of the recording by Christopher Lee of the conversation, without the consent or knowledge of Defendant Brody, speaks for itself, and in the context of the conversation between Defendant Brody and Christopher Lee, they discussed the reopening of the Ale House building premises by Plaintiff Euphoric, LLC on which the former Ale House tenant had unsuccessfully operated as a night club type business concept causing reputational damage to the 4128 Broadway Premises and the Westport business community, that had been presented by Christoper Lee to Defendant Allred as a nightclub concept marketed and again operated as the Ale House that was to be managed by a manager from the Elevation Lounge instead of a

sports bar concept operated as Euphoric Bar and Lounge with a manager from Ocean Prime as Christopher Lee had represented to Defendant 4128 Broadway, LLC.

35. For further answer to paragraph 196, the transcript of the recording by Christopher Lee of his conversation, without the consent or knowledge of Defendant Brody, with Defendant Brody on October 25, 2024 reads: @ page 52, lines 22-25 and page 53. lines 1-5: *"MR. CHRISTOPHER LEE: Okay, All right. I'll get you over that concept for you. I'll get that over for you. But once again, we're not doing the same thing as Brett, so -- . MR. HAROLD BRODY: Convince them, please. CHRISTOPHER LEE: All right , I will.*

36. For further answer to paragraph 197, the transcript of the recording by Christopher Lee of his conversation, without the consent or knowledge of Defendant Brody, with Defendant Brody on October 25, 2024 reads: @ page 32, lines 12 to 17: *"MR. CHRISTOPHER LEE: It's a culture thing, that they don't want a certain culture down there. MR. HAROLD BRODY: Well, they're afraid that it would bring violence. I – I don't know. Look, I'm--*

37. Denies paragraph 199 except admits that Christopher Lee, on behalf of Plaintiff Euphoric, LLC, had represented to Defendant 4128 Broadway, LLC that the concept of Plaintiff Euphoric, LLC's intended use of the 4128 Broadway Premises was not to operate as the Ale House or as a night club as the Ale House had operated before it was closed by the prior tenant but instead would be more of a sports bar concept with expected patronage attracted by K.C. Chiefs players known by Christopher Lee, focused on food service, and which catered to an older demographic patron not expected to stay out much past midnight. For further answer to paragraph 199, the words "hip hop" do not appear in the written transcript prepared by Christopher Lee of his recording of the October 25, 2024 conversation between

Christopher Lee and Defendant Brody, which was made by Christopher Lee without the knowledge or consent of Defendant Brody.

38. Denies or denies information sufficient to admit or deny paragraph 200 and what gathering of persons constitutes a typical "hip hop crowd" as quoted by paragraph 200 and therefore denies paragraph 200. For further answer to paragraph 200, the words "hip hop" do not appear in the written transcript prepared by Christopher Lee of his recording of the October 25, 2024 conversation between Christopher Lee and Defendant Brody, which was made by Christopher Lee without the knowledge or consent of Defendant Brody.

39. For answer to paragraph 201, admits that Defendant Brody, Defendant 4128 Broadway, LLC and their attorney received a letter dated November 15, 2024 from Euphoric, LLC, Christopher Lee and Damion Johnson with content that speaks for itself, and in in further answer to paragraph 201 states that such alleged November 15, 2024 letter attached to the original complaint as Exhibit C and referenced in paragraph 152 of the original complaint as this demand letter, was not the letter received by Defendant Brody, Defendant 4128 Broadway, LLC and their attorney which had been altered or rewritten to exclude Damion Johnson as one of its senders.

40. Denies paragraph 202 except admits that Defendant Brody, Defendant 4128 Broadway, LLC and their attorney received a letter dated November 15, 2024 from Euphoric, LLC, Christopher Lee and Damion Johnson with content that speaks for itself.

41. Denies paragraph 203 except admits that Defendant 4128 Broadway, LLC and Defendant Brody did not have an attorney respond to the letter dated November 15, 2024 which was received after Defendant 4128 Broadway, LLC after Defendant 4128

9

Broadway, LLC had sent Plaintiff Euphoric, LLC a letter dated October 28, 2024 terminating any business relationship and contemplated lease transaction between Defendant 4128 Broadway, LLC and Plaintiff Euphoric, LLC but have otherwise responded to the allegations and content of such letter in answer to, counterclaim and otherwise in defending against the claims asserted by Plaintiff Euphoric, LLC in this litigation.

42. Denies paragraph 204 and paragraph 205.

43. Admits paragraph 206 and paragraph 207.

44. Denies paragraph 208.

45. Admits paragraph 209 and specifically the transcript prepared by Plaintiff Euphoric, LLC of the March 15, 2025 conversation between Christopher Lee and Defendant Brody reads @ page 130, lines 5-15: "*MR. HAROLD BRODY: I want a clean sports bar. That's all I want. MR. CHRISTOPHER LEE: That's what – that's what I wanted. That's what I told you -- MR. HAROLD BRODY: Then write - - MR. CHRISTOPHER LEE: And that's what you told Brett. That's what I told Brett. MR. HAROLD BRODY: Any why - - why wouldn't' you write it down?*"

46. Denies paragraph 210 except admits that Christopher Lee talked about his presenting a written concept to Defendant Brody on March 15, 2025 which Christopher Lee asserted that Defendant Brody left behind on the bar at the 4128 Broadway Premises on September 2, 2024 that Christopher Lee then picked up and took with him after meeting Defendant Brody at the 4128 Broadway Premises on that date and on March 15, 2025, Defendant Brody then requested a copy of said written concept from Christopher Lee which was never provided by Christopher Lee except in response to discovery propounded in this litigation.

47. Admits paragraph 211.

48. Denies paragraph 212.

49. Denies information sufficient to form a belief of the truth of paragraph 213 to paragraph 217, inclusive, and therefore denies paragraph 213 to paragraph 217, inclusive.

50. Denies paragraph 218.

51. For further answer to paragraph 1 to paragraph 218, inclusive, denies each and every allegation not specifically admitted.

## CLAIM I.

### BREACH OF CONTRACT
### (Plaintiff THE SOURZE, LLC against Defendants
### Westport Development, LLC, Murfin, Inc., Defendant Hurt and Defendant Vos)

For its answer to Claim I., Defendant 4128 Broadway states:

52. For answer to paragraph 219, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph 218, inclusive, which by this reference are incorporated herein.

53. Denies information sufficient to form a belief as to the truth of paragraph 220 to paragraph 241, inclusive, and therefore denies paragraph 200 to paragraph 241, inclusive.

54. For further answer to Claim I, no relief is requested by any Plaintiff against Defendant 4128 Broadway, LLC and Claim I fails to state a claim for which relief can be granted to any Plaintiff against Defendant 4128 Broadway, LLC.

55. For further answer to each and every paragraph of Claim I, denies each and every allegation not specifically admitted.

Wherefore, having fully answered, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiffs on Claim I and that Defendant 4128 Broadway, LLC be awarded its costs.

11

## CLAIM II

### DECLARATORY RELIEF ESTABLISHING PLAINTIFF'S
### RIGHT TO IMMEDIATE POSSESSION OF THE RESTAURANT AND
### DAMAGES FOR LOST REVENUE AND PROFITS
### (Plaintiff Euphoric Against Defendants 4128 Broadway, LLC and Brody)

For its answer to Claim II , Defendant 4128 Broadway, LLC states:

56. For answer to paragraph 242, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph 241, inclusive, which by this reference are incorporated herein.

57. Denies paragraph 243 except admits the content of Mo. Rev. Stat. § 527.020 speaks for itself.

58. Denies paragraph 244 to paragraph 255, inclusive.

59. For further answer and defense, Claim II fails to state a claim against Defendant Brody because Defendant Brody is not a party to the alleged lease agreement nor the owner of the 4128 Broadway Premises.

60. For further answer and defense, Claim II fails to state a claim for which relief can be granted to either one or more of the Plaintiffs against any one or more of the Defendants 4128 Broadway Premises and Harold Brody.

61. For further answer and defense, Claim II fails to aver and comply with the pleading requirements of Fed. R. Civ. P. 9(c) in that such pleadings that all conditions precedent occurred or were performed by Plaintiff Euphoric, LLC, including compliance by Plaintiff Euphoric, LLC with any alleged lease agreement between Plaintiff Euphoric, LLC and Defendant 4128 Broadway, LLC.

62. For further answer and defense, Claim II is barred because such violate Mo. Rev. Stat. § 510.261.5 in that any one or more of such claims contains a request for an award of punitive damages against Defendant 4128 Broadway, LLC and/or Defendant Brody.

12

63. For further answer and defense, Claim II is barred by the anticipatory and/or material breach and violation by Plaintiff Euphoric, LLC of the contemplated lease transaction, which Defendant 4128 Broadway, LLC denies was valid or of any force or effect, including but not limited to, the following:

   A. Plaintiff Euphoric, LLC did not act in good faith and deal fairly with Defendant 4128 Broadway, LLC, in any one or more of the particulars set forth in either this paragraph 61 and its subparts to paragraph 70, inclusive, and also as more particularly described in Defendant 4128 Broadway, LLC's Counterclaim Against Plaintiff Euphoric, LLC which is incorporated herein by this reference;

   B. Plaintiff Euphoric, LLC failed and refused to provide Defendant 4128 Broadway, LLC with the executed written Personal Guaranty of Lease of Damion Johnson, an unexecuted copy of which is attached to the original complaint as part of Exhibit A and incorporated herein by this reference;

   C. Plaintiff Euphoric, LLC engaged and acted in a conspiracy with Christopher Lee, Damion Johnson, Maurice McKinney and Rahmon D. Allen known as Fat Boy in forming Ale House West, LLC to take possession and operate the 4128 Broadway facility as the "Ale House" utilizing the "Ale House" signage of the former tenant in violation of the express terms of the Lease Agreement which required that Plaintiff Euphoric, LLC would operate only under the name of Euphoric, LLC d.b.a. Euphoric Bar and Lounge;

   D. Plaintiff Euphoric, LLC demanded possession of the 4128 Broadway Premises without first tendering performance and payment of CID neighborhood dues as required by the terms and conditions of Section 9 of the Lease Agreement;

13

E. Plaintiff Euphoric, LLC demanded possession of the 4128 Broadway Premises without first tendering performance and payment of real estate taxes as required by the terms and conditions of Section 9 of the Lease Agreement;

F. Plaintiff Euphoric, LLC demanded possession of the 4128 Broadway Premises in knowing violation of Section 11 of the Lease Agreement by advertising, publicly displaying or doing business under any other name than EUPHORIC, LLC d.b.a. Euphoric Bar and Lounge per Section 11 of the Lease Agreement; and

G. Plaintiff Euphoric, LLC demanded possession of the 4128 Broadway Premises without first tendering performance or providing to Defendant 4128 Broadway, LLC with proof of its compliance with the insurance requirements of Section 12 of the Lease Agreement including that Defendant 4128 Broadway, LLC, was to be named as an additional insured;

64. For further answer and defense, Claim II is barred because any recovery by Plaintiff Euphoric, LLC against Defendant 4128 Broadway, LLC for any delay in the delivery of the possession of the 4128 Broadway Premises is limited by Section 4 of the Lease Agreement, which Defendant 4128 Broadway, LLC denies was valid or in force or effect, to abatement of the rent obligation for the period of delay in giving the tenant the possession of the 4128 Broadway Premises.

65. For further answer and defense, Claim II is barred because Plaintiff Euphoric, LLC, Damion Johnson and Christopher Lee waived any right to trial by jury by the express terms of the Lease Agreement and the Personal Guaranty of Lease which Defendant 4128 Broadway, :LLC denies were valid or in force and effect.

14

66. For further answer and defense, Plaintiff Euphoric, LLC may not recover on Claim II when Defendant 4128 Broadway, LLC was entitled to refuse turning over possession when the right to quiet enjoyment of the 4128 Broadway Premises by Euphoric, LLC was conditioned upon the existence of no material default in its performance of the Lease Agreement and to terminate and/or rescind the Lease Agreement, which Defendant 4128 Broadway, LLC denies was valid or of any force or effect when the Lease Agreement was not a writing sufficient to satisfy the requirements of the statute of frauds (§432.010 R.S.Mo.) and because Plaintiff Euphoric, LLC with intent to deceive Defendant 4128 Broadway, LLC misrepresented material facts, by omission, silence or affirmative statement of fact (collectively "Material Misrepresentations") and Defendant 4128 Broadway, LLC, justifiably relied on such Material Misrepresentations to its detriment and damage all as more particularly set forth in Defendant 4128 Broadway, LLC's Counterclaim against Plaintiff Euphoric, LLC which is incorporated herein by this reference.

67. For further answer and defense, Plaintiff Euphoric, LLC may not recover on Claim II against Defendant 4128 Broadway, LLC and/or Defendant Brody when by letter dated October 28, 2024 Defendant 4128 Broadway, LLC notified Plaintiff Euphoric, LLC that it was terminating any business relationship and contemplated lease of the 4128 Broadway Premises with Plaintiff Euphoric, LLC for reasons, inter alia, the required Personal Guaranty of Lease by Damion Johnson nor proof of insurance naming it as an insured had been delivered to Defendant 4128 Broadway, LLC which violations of the terms of the contemplated Lease Agreement were not cured by Plaintiff Euphoric, LLC.

68. For further answer and defense, Plaintiff Euphoric, LLC may not recover on Claim II against Defendant 4128 Broadway, LLC and/or Defendant Brody because the contemplated lease transaction was invalid when the purported documents consisting of the Lease Agreement and transaction between Defendant 4128 Broadway, LLC and Plaintiff Euphoric, LLC were only partially completed and signed and without the insertion of an essential term, that is, the commencement date of the term and which is not a writing that is sufficient to satisfy the requirements of the statute of frauds (§432.010 R.S.Mo.) that a lease for a term of more than one year shall be in writing and signed by the party to be charged.

69. For further answer and defense, Plaintiff Euphoric, LLC may not obtain relief in the form of a restraining order or injunction on Claim II, inclusive, against Defendant Harold S. Brody and/or 4128 Broadway, LLC because of the unreasonable delay on the part of Plaintiff Euphoric, LLC to enforce claims for such relief and such relief is barred by the doctrines of laches, waiver and equitable estoppel.

70. For further answer to each and every paragraph of Claim II, denies each and every allegation not specifically admitted.

Wherefore, having fully answered Claim II, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiff Euphoric, LLC on Claim II and that Defendant 4128 Broadway, LLC be awarded its costs.

# CLAIM III

## BREACH OF CONTRACT
### (Plaintiff Euphoric Against Defendants 4128 Broadway, LLC. and Brody)

For its answer to Claim III, Defendant 4128 Broadway, LLC states:

71. For answer to paragraph 256, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph 255, inclusive, which by this reference are incorporated herein.

72. Denies paragraph 257.

73. Denies paragraph 258 but admits the contemplated Lease Agreement required the deposit of the sum of $10,000.00 as security for the performance by Plaintiff Euphoric of every covenant and condition of the Lease Agreement.

74. Denies paragraph 259.

75. Denies paragraph 260 but admits that the contemplated Lease Agreement that Defendant 4128 Broadway, LLC was required to use due diligence to give possession of the 4128 Broadway Premises as nearly as possible on or before the Commencement Date of the Term.

76. Denies paragraph 261 to 269, inclusive.

77. For further answer and defense, Claim III fails to state a claim against Defendant Brody because Defendant Brody is not a party to the alleged lease agreement nor the owner of 4128 Broadway Premises.

78. For further answer and defense, Claim III fails to state a claim for which relief can be granted to either one or more of the Plaintiffs against any one or more of the Defendants 4128 Broadway, LLC and Harold Brody.

79. For further answer and defense, Claim III fails to aver and comply with the pleading requirements of Fed. R. Civ. P. 9(c) in that such pleadings that all conditions precedent occurred or were performed by Plaintiff Euphoric, LLC, including compliance by Plaintiff

17

Euphoric, LLC with any alleged lease agreement or guaranty agreement between Plaintiff Euphoric, LLC and Defendant 4128 Broadway, LLC or the guarantors.

80. For further answer and defense, Claim III is barred because such violate Mo. Rev. Stat. § 510.261.5 in that any one or more of such claims contains a request for an award of punitive damages against Defendant 4128 Broadway, LLC and/or Defendant Brody.

81. For further answer and defense, Claim III is barred by the anticipatory and/or material breach and violation by Plaintiff Euphoric, LLC of the contemplated lease transaction, which Defendant 4128 Broadway, LLC denies was valid or of any force or effect, including but not limited to, the following:

    A.   Plaintiff Euphoric, LLC did not act in good faith and deal fairly with Defendant 4128 Broadway, LLC, in any one or more of the particulars set forth in either this paragraph 78 and its subparts to paragraph 87, inclusive, and also as more particularly described in Defendant 4128 Broadway, LLC's Counterclaim Against Plaintiff Euphoric, LLC which is incorporated herein by this reference;

    B.   Plaintiff Euphoric, LLC failed and refused to provide Defendant 4128 Broadway, LLC with the executed written Personal Guaranty of Lease of Damion Johnson, an unexecuted copy of which is attached to the original complaint as part of Exhibit A and incorporated herein by this reference;

    C.   Plaintiff Euphoric, LLC engaged and acted in a conspiracy with Christopher Lee, Damion Johnson, Maurice McKinney and Rahmon D. Allen also known as Fat Boy in forming Ale House West, LLC to take possession and operate the 4128 Broadway facility as the "Ale House" utilizing the "Ale House" signage of the former tenant in violation of the express terms of the Lease Agreement which

18

required that Plaintiff Euphoric, LLC would operate only under the name of Euphoric, LLC d.b.a. Euphoric Bar and Lounge;

D.  Plaintiff Euphoric, LLC demanded possession of the 4128 Broadway Premises without first tendering performance and payment of CID neighborhood dues as required by the terms and conditions of Section 9 of the Lease Agreement;

E.  Plaintiff Euphoric, LLC demanded possession of the 4128 Broadway Premises without first tendering performance and payment of real estate taxes as required by the terms and conditions of Section 9 of the Lease Agreement;

F.  Plaintiff Euphoric, LLC demanded possession of the 4128 Broadway Premises in knowing violation of Section 11 of the Lease Agreement by advertising, publicly displaying or doing business under any other name than EUPHORIC, LLC d.b.a. Euphoric Bar and Lounge per Section 11 of the Lease Agreement; and

G.  Plaintiff Euphoric, LLC demanded possession of the 4128 Broadway Premises without first tendering performance or providing to Defendant 4128 Broadway, LLC with proof of its compliance with the insurance requirements of Section 12 of the Lease Agreement including that Defendant 4128 Broadway, LLC, was to be named as an additional insured;

82. For further answer and defense, Claim III is barred because any recovery by Plaintiff Euphoric, LLC against Defendant 4128 Broadway, LLC for any delay in the delivery of the possession of the 4128 Broadway Premises is limited by Section 4 of the Lease Agreement, which Defendant 4128 Broadway, LLC denies was valid or in in force or effect, to abatement of the rent obligation for the period of delay in giving the tenant the possession of the 4128 Broadway Premises.

83. For further answer and defense, Claim III is barred because Plaintiff Euphoric, LLC, Damion Johnson and Christopher Lee waived any right to trial by jury by the express terms of the Lease Agreement and the Personal Guaranty of Lease.

84. For further answer and defense, Plaintiff Euphoric, LLC may not recover on Claim III when Defendant 4128 Broadway, LLC was entitled to refuse turning over possession when the right to quiet enjoyment of the 4128 Broadway Premises by Euphoric, LLC was conditioned upon the existence of no material default in its performance of the contemplated Lease Agreement and to terminate and/or rescind the Lease Agreement, which Defendant 4128 Broadway, LLC denies was valid or of any force or effect which Defendant 4128 Broadway, LLC denies was valid or of any force or effect when the Lease Agreement was not a writing sufficient to satisfy the requirements of the statute of frauds (§432.010 R.S.Mo.) and because Plaintiff Euphoric, LLC with intent to deceive Defendant 4128 Broadway, LLC misrepresented material facts, by omission, silence or affirmative statement of fact (collectively "Material Misrepresentations") and Defendant 4128 Broadway, LLC, justifiably relied on such Material Misrepresentations to its  detriment and damage all as more particularly set forth in Defendant 4128 Broadway, LLC's Counterclaim against Plaintiff Euphoric, LLC which is incorporated herein by this reference.

85. For further answer and defense, Plaintiff Euphoric, LLC may not recover on Claim III against Defendant 4128 Broadway, LLC and/or Defendant Brody when by letter dated October 28, 2024 Defendant 4128 Broadway, LLC notified Plaintiff Euphoric, LLC that it was terminating any business relationship and contemplated lease of the 4128 Broadway Premises with Plaintiff Euphoric, LLC for reasons, inter alia, the

required Personal Guaranty of Lease by Damion Johnson nor proof of insurance naming it as an insured had been delivered to Defendant 4128 Broadway, LLC which violations of the terms of the contemplated Lease Agreement were not cured by Plaintiff Euphoric, LLC.

86. For further answer and defense, Plaintiff Euphoric, LLC may not recover on Claim III against Defendant 4128 Broadway, LLC and/or Defendant Brody because the contemplated lease transaction was invalid when the purported documents consisting of the contemplated Lease Agreement and transaction between Defendant 4128 Broadway, LLC and Plaintiff Euphoric, LLC were only partially completed and signed and without the insertion of an essential term, that is, the commencement date of the term and which is not a writing that is sufficient to satisfy the requirements of the statute of frauds (§432.010 R.S.Mo.) that a lease for a term of more than one year shall be in writing and signed by the party to be charged.

87. For further answer to each and every paragraph of Claim III, denies each and every allegation not specifically admitted.

Wherefore, having fully answered Claim III, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiffs on Claim III and that Defendant 4128 Broadway, LLC be awarded its costs.

## CLAIM IV

### ILLEGAL RACIAL DISCRIMINATION IN VIOLATION
### OF 42 U.S.C. § 1982
### (All Plaintiffs Against All Defendants)

For its answer to Claim IV, Defendant 4128 Broadway, LLC states:

88. For answer to paragraph 270, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph 269, inclusive, which by this reference are incorporated herein.

89. Denies paragraph 271 to paragraph 273, inclusive.

90. Denies paragraph 274 except admits the content of 42 U.S.C. § 1982 speaks for itself.

91. Denies paragraph 275 to 278, inclusive.

92. For further answer and defense, Claim IV fails to state a claim against Defendant 4128 Broadway, LLC.

93. For further answer to each and every paragraph of Claim IV, denies each and every allegation not specifically admitted.

Wherefore, having fully answered Claim IV, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiffs on IV and that Defendant 4128 Broadway, LLC be awarded its costs.

## CLAIM V

### CONSPIRACY TO COMMIT ILLEGAL RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1985 (All Plaintiffs Against All Defendants)

For its answer to Claim V, Defendant 4128 Broadway, LLC states:

94. For answer to paragraph 279, Defendant 4128 Broadway, LLC restates its answer to paragraphs 1 to paragraph 278, inclusive, which by this reference are incorporated herein.

95. Denies information sufficient to form a belief as to the truth of paragraph 280 to paragraph 284, inclusive, and therefore denies paragraph 280 to 284, inclusive.

96. Denies paragraph 285 except admits that 42 U.S.C. § 1981(a) and 42 U.S.C. § 1982 each speaks for itself.

97. Denies paragraph 286.

98. Denies paragraph 287 except admits that 42 U.S.C. § 1985(3) speaks for itself.

99. Denies paragraph 288 to paragraph 291, inclusive.

100. For further answer and defense, Claim V fails to state a claim against Defendant 4128 Broadway, LLC.

101. For further answer to each and every paragraph of Claim V, denies each and every allegation not specifically admitted.

Wherefore, having fully answered Claim V, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiff on Claim V and that Defendant 4128 Broadway, LLC be awarded its costs.

## CLAIM VI

### RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981
(All Plaintiffs Against All Defendants)

For its answer to Claim VI, Defendant 4128 Broadway, LLC states:

102. For answer to paragraph 292, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph 291, inclusive, which by this reference are incorporated herein.

103. Denies paragraph 293 except admits the content of 42 U.S.C. § 1981(a) speaks for itself.

104. Denies paragraph 294 to paragraph 298, inclusive.

105. For further answer and defense, Claim VI fails to state a claim against Defendant 4128 Broadway, LLC.

106. For further answer to each and every paragraph of Claim I, denies each and every allegation not specifically admitted.

Wherefore, having fully answered Claim VI, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiffs on Claim VI and that Defendant 4128 Broadway, LLC be awarded its costs.

## CLAIM VII

### FAILURE TO PREVENT RACIAL DISCRIMINATION
### CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1986
### (All Plaintiffs Against All Defendants)

For its answer to Claim VII, Defendant 4128 Broadway, LLC states:

107. For answer to paragraph 299, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph 298, inclusive, which by this reference are incorporated herein.

108. Denies paragraph 300 except admits the content of 42 U.S.C. § 1986 speaks for itself.

109. Denies paragraph 301 to paragraph 304, inclusive.

110. For further answer and defense, Claim VII fails to state a claim against Defendant 4128 Broadway, LLC.

111. For further answer to each and every paragraph of Claim VII, denies each and every allegation not specifically admitted.

Wherefore, having fully answered Claim VII, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiffs on Claim VII and that Defendant 4128 Broadway, LLC be awarded its costs.

## CLAIM VIII

### TORTIOUS INTERFERENCE WITH PLAINTIFFS' CONTRACTS
### (All Plaintiffs Against All Defendants)

For its answer to Claim VIII, Defendant 4128 Broadway, LLC states:

112. For answer to paragraph 305, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph 304, inclusive, which by this reference are incorporated herein.

113. Denies paragraph 306 to paragraph 313, inclusive.

24

114.    For further answer and defense, Claim VIII fails to state a claim against Defendant 4128 Broadway, LLC.

115.    For further answer to each and every paragraph of Claim VIII, denies each and every allegation not specifically admitted.

Wherefore, having fully answered Claim VIII, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiff on Claim VIII and that Defendant 4128 Broadway, LLC be awarded its costs.

## CLAIM IX

### TORTIOUS INTERFERENCE WITH PLAINTIFFS' BUSINESS EXPECTANCY
### (All Plaintiffs Against All Defendants)

For its answer to Claim IX, Defendant 4128 Broadway, LLC states:

116.    For answer to paragraph 314, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph  313, inclusive, which by this reference are incorporated herein.

117.    Denies paragraph 315 to paragraph 322, inclusive.

118.    For further answer and defense, Claim IX fails to state a claim against Defendant 4128 Broadway, LLC.

Wherefore, having fully answered Claim IX, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment on Claim IX and that Defendant 4128 Broadway, LLC be awarded its costs.

## CLAIM X

### CIVIL CONSPIRACY
### (All Plaintiffs against All Defendants)

For its answer to Claim X, Defendant 4128 Broadway, LLC states:

119.    For answer to paragraph 323, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph 322, inclusive, which by this reference are incorporated herein.

120.    Denies paragraph 324 to paragraph 348, inclusive.

121.    For further answer and defense, Claim X fails to state a claim against Defendant 4128 Broadway, LLC.

122.    For further answer to each and every paragraph of Claim X, denies each and every allegation not specifically admitted.

Wherefore, having fully answered Claim X, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiffs on Claim X and that Defendant 4128 Broadway, LLC be awarded its costs.

## CLAIM XI

### CONSPIRACY TO VIOLATE SHERMAN ACT, ANTITRUST, AND/OR TRADE LAW
### (All Plaintiffs against All Defendants)

For its answer to Claim XI, Defendant 4128 Broadway, LLC states:

123.    For answer to paragraph 349, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph 348, inclusive, which by this reference are incorporated herein.

124.    Denies paragraph 350 to paragraph 352, inclusive, except admits that the content of Mo. Rev. Stat. §416.031.1, §416.031.2 and 16 U.S.C. §1 each speaks for itself.

125.    Denies paragraph 353 to 359, inclusive.

26

126.     For further answer and defense, Claim XI fails to state a claim against Defendant 4128 Broadway, LLC.

127.     For further answer to each and every paragraph of Claim XI, denies each and every allegation not specifically admitted.

Wherefore, having fully answered Claim XI, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiffs on Claim XI and that Defendant 4128 Broadway, LLC be awarded its costs.

## CLAIM XII

### VIOLATION OF 18 U.S.C. §1962 et. seq.
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)
### (All Plaintiffs against all Defendants)

For its answer to Claim XII, Defendant 4128 Broadway, LLC states:

128.     For answer to paragraph 368, Defendant 4128 Broadway, LLC restates its answer to paragraph 1 to paragraph 359, inclusive, which by this reference are incorporated herein.

129.     Denies paragraph 361 to 382, inclusive.

130.     For further answer and defense, Claim XII fails to state a claim against Defendant 4128 Broadway, LLC.

131.     For further answer to each and every paragraph of Claim XII, denies each and every allegation not specifically admitted.

Wherefore, having fully answered Claim XII, Defendant 4128 Broadway, LLC prays to be dismissed or for judgment against Plaintiffs on Claim XII and that Defendant 4128 Broadway, LLC be awarded its costs.

27

DON PETERSON LAW, LLC

/s/ Grant A. Peterson
Grant A. Peterson   Mo #73897
Don Peterson Law, LLC
10955 Lowell Avenue, Suite 710
Overland Park, Kansas 662010
Tele:   (913) 322-0322
Fax:    (913) 322-0322
Email:   don@donpetersonlaw.com
ATTORNEYS FOR DEFENDANT
4128 BROADWAY, LLC AND
DEFENDANT HAROLD S. BRODY

/s/ Don A. Peterson
Don A. Peterson    MO #24452
Don Peterson Law, LLC
10955 Lowell Avenue, Suite 710
Overland Park, Kansas 662010
Tele:   (913) 322-0322
Fax:    (913) 322-0322
Email:   don@donpetersonlaw.com
ATTORNEYS FOR DEFENDANT
4128 BROADWAY, LLC AND
DEFENDANT HAROLD S. BRODY

## NOTICE OF ELECTRONIC SERVICE

I hereby certify that on this 14th day of November, 2025, the above and foregoing document was served on counsel of record for the parties in this case by electronic filing with the Court through the CM/ECF system.

/s/ Grant A. Peterson
Attorneys for Defendant
4128 Broadway, LLC and
Defendant Harold S. Brody