**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

EUPHORIC, LLC; THE SOURZE, LLC; )
and UNIKC, LLC, )
                                     )
              Plaintiffs, )
                                     )     Case No. 4:25-cv-00023-RK
              v. )
                                     )
WESTPORT COMMUNITY )
IMPROVEMENT DISTRICT, A NON- )
PROFIT MISSOURI CORPORATION; et )
al., )
                                     )
             Defendants. )

## ORDER

Before the Court are several somewhat related motions regarding expert designations which the Court addresses here: (1) Plaintiff The Sourze, LLC and Defendants' motions to extend expert-designation deadlines, (Docs. 433, 478); (2) Plaintiff The Sourze, LLC's motion to designate experts prior to serving Rule 26(a)(2)(B) reports, (Doc. 434); and (3) Defendant Westport Development, LLC's "Motion to Exclude Brandon L. Comer as an Expert Witness for Plaintiffs Euphoric, LLC and UNIKC LLC and to Strike Portions of his Report Providing Opinions for Them," (Doc. 468). The motions are fully briefed, with the exception of Defendants' motion to extend expert-designation deadline.[1] Also pending is Plaintiff The Sourze, LLC's motion to file amended suggestions in opposition to Defendant Westport Development, LLC's motion to exclude to address certain "inaccuracies" and "drafting errors" identified by Westport Development in The Sourze's initial suggestions in opposition. (Doc. 485.)

### I. The Parties' Motions to Extend Expert-Designation Deadlines (Docs. 433, 478)

The Sourze seeks extension of its expert-designation deadline to July 31, 2026, for good cause pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure.[2] It seeks an extension

---

[1] As to The Sourze's motions, Defendants filed suggestions in opposition, (Docs. 444, 445), and The Sourze filed a reply, (Doc. 454). As to Westport Development's motion to exclude, The Sourze filed suggestions in opposition, (Doc. 469), and Westport Development filed a reply, (Doc. 479).

[2] Rather than Rule 6(b)(1)(A), Defendants refer to Rule 16(b)(4) of the Federal Rules of Civil Procedure as the appropriate authority for The Sourze's request. Because The Sourze's expert-designation deadline had not passed at the time The Sourze requested an extension, the standard for granting the

to accommodate the preparation and finalization of the expert reports of Dr. William Rogers and Brandon L. Comer, both of whom have indicated that their reports cannot be completed without the production of documents related to discovery requests for records from the City of Kansas City and Defendant Westport Community Improvement District. Defendants initially opposed this request.

Since the filing of The Sourze's motion to extend its expert-designation deadline, the following has occurred: (1) The Sourze designated Brandon L. Comer as an expert and served the Expert Report of Brandon L. Comer on May 15, 2026 (Docs. 452, 453), and (2) a Third Amended Complaint was filed with leave of Court, (Doc. 481), adding claims and defendants. As a result of the Third Amended Complaint, the Court expects and anticipates that an amended scheduling order will be required. The parties anticipate the same. Accordingly, in light of the current procedural posture, the parties' motions to extend expert-designation deadlines are **GRANTED**. The Court anticipates that the parties will therefore incorporate The Sourze's expert-designation deadline (concerning Dr. Rogers, since Mr. Comer has been designated and an expert report served), as well as Defendants' expert-designation deadline into the forthcoming proposed amended scheduling order, which the Court anticipates will include an extended fact and expert-discovery deadline, among the other applicable deadlines/settings.

## II.   The Sourze's Motion to Designate Prior to Disclosing Expert Report (Doc. 439)

In a corresponding motion filed prior to the subsequent procedural developments in this case as noted above, The Sourze sought leave to designate its experts "upon resolution of the pending" motion for extension of time, with the expert reports to be filed later. Rule 26(a)(2)(B) provides: "Unless otherwise stipulated or ordered by the court, [an expert witness] disclosure must be accompanied by a written report . . . ." Because the Court grants The Sourze's motion for extension of time and in light of the subsequent procedural posture, The Sourze's motion is **DENIED as moot**. The parties are directed to follow the regular course in disclosing experts under Rule 26 within the timeline as will be set out in the anticipated amended scheduling order.

## III.   Westport Development's Motion to Exclude (Doc. 468)

Westport Development seeks to strike and exclude the portions of Mr. Comer's expert report relating to Plaintiffs Euphoric and Unikc, as to whom the expert-designation deadline has

_____

requested extension—good cause—is the same under either provision. The Court proceeds accordingly.

2

expired and has not been extended despite Euphoric and Unikc's attempts through various procedural mechanisms to *post hac* extend the missed deadline, all of which have been denied by the Court.[3]  As noted above, The Sourze designated Mr. Comer and served his expert report on May 15, 2026.  Mr. Comer's expert report includes background, analysis, and opinions regarding not only The Sourze but also Euphoric and Unikc, as well.  (*See* Doc. 479-1.)  Westport Development argues that the portions of Mr. Comer's expert report and anticipated expert testimony concerning Plaintiffs Euphoric and Unikc should be stricken and excluded under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

> Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required under Rule 26(a) or (2), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction [of exclusion], the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

> (B) may inform the jury of the party's failure; and

> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)(vi).

As the Eighth Circuit has explained, "[t]he disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37."  *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434-35 (8th Cir. 2019) (internal quotation marks omitted).  "However, by its terms, Rule 37(c)(1) applies only when a party fails to comply with Rule 26(a) and then seeks to use the information 'on a motion, at a hearing, or at a trial.'"  *Id.*  Put another way, "Rule 37(c)(1) addresses what to do if a party fails to disclose information as required under Rule 26(a) *and* attempts to use that information on a motion, at a hearing, or at a trial."  *Id.*  At this juncture, neither Euphoric nor Unikc have sought to introduce or use Mr. Comer's expert report or his expert testimony on their behalf and in regards to his specific analysis or opinions as to their respective damages.  However, they clearly intend to do so.  Accordingly, and under these somewhat unusual circumstances, the Court provides the following guidance:

---

[3] The Court notes that neither Euphoric nor Unikc filed a response to Westport Development's motion to strike or exclude but only The Sourze filed suggestions in opposition.  The Court presumes this is because only The Sourze has formally designated Mr. Comer as its expert and served the required expert report under Rule 26 of the Federal Rules of Civil Procedure.

3

This case has been procedurally unique and has raised procedural issues uncommon to most cases. As this case has highlighted, scheduling order deadlines and the discovery procedures set out under the Federal Rules of Civil Procedure have meaning, must be followed, and will be enforced. At the same time, in various ways the Federal Rules of Civil Procedure are not rigid or entirely inflexible, particularly those rules governing scheduling order deadlines and discovery procedures. *See* Fed. R. Civ. P. 1 (mandating that the rules of procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); *see also* 4 Charles Alan Wright & Arthur R. Miller, *Federal Prac. & Proc.* § 1029 (4th ed. 2026) (noting that "[t]he primary purpose of procedural rules is to promote the ends of justice"); *id.* at § 1217 (noting "the basic philosophy of the federal rules expressed in Federal Rule of Civil Procedure 1 [is] that simplicity, flexibility, and the absence of legalistic technicality are the touchstones of a good procedural system"). The exclusionary rule set out in Rule 37(c) for a party's failure to timely comply with its disclosure obligations is no exception.

For instance, while "exclusion occurs automatically" under Rule 37(c)(1), "the rule permits, but does not require, the imposition of an alternative sanction on a party's motion." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018). Moreover, "[w]hen fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information and testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

The Sourze and Westport Development primarily agree that as to Mr. Comer's expert report and his anticipated expert testimony concerning Euphoric and Unikc, the controlling question under Rule 37(c)(1) is whether the failure "was substantially justified or is harmless." At this immediate juncture, however the Court notes that (1) The Sourze timely (in light of the extension granted above) designated and disclosed Mr. Comer's expert report, and (2) Mr. Comer has been identified by Euphoric and Unikc in their Rule 26(a) disclosures (even if not with the required expert report). The expert report disclosed by The Sourze appears to be comprehensive and addresses the damages of each Plaintiff. As set out above, the Court—and the parties—anticipate a new amended scheduling order that will extend the discovery period in this case given the recent filing of Plaintiffs' Third Amended Complaint. The Court anticipates this extended discovery

4

period will very likely include some extended period for both expert and fact discovery, particularly given the nature of the Third Amended Complaint.

To be sure, the Court acknowledges the prior Orders that, up to this point, denied relief requested by Euphoric and Unikc related to the missed expert-designation deadline. At each point, the Court endeavored to address the specific issue raised and the specific relief sought and to faithfully apply the particular Rule of Civil Procedure invoked by the Plaintiffs at that time along with the applicable and relevant caselaw in light of the specific arguments raised by the parties. *See also Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288, 608 U.S. __ (2026) ("Federal courts adhere to the principle of party presentation. That principle—the rule that points not argued will not be considered—distinguishes our adversarial system of justice from an inquisitorial one. Because courts are essentially passive instruments of government, we rely on the parties to frame the issues for decision and decide only the questions presented." (internal quotation marks and citations omitted)).

While Euphoric and Unikc earlier sought relief relying on various other procedural mechanisms and Rules of Civil Procedure, Rule 37(c)(1)—both requiring exclusion only if the failure to disclose was not substantially justified or harmless and allowing the Court the discretion to fashion an alternative sanction—has always been in the background. Because neither Euphoric nor Unikc, at this immediate juncture, seek to use Mr. Comer's expert report or testimony "on a motion, at a hearing, or at a trial," Westport Developments' motion to exclude under Rule 37(c)(1) is premature and is **DENIED without prejudice**. To the extent a Rule 37(c)(1) motion is timely raised at an appropriate time in the later stages of this case, the Court will consider at that time the procedural posture of the case and all relevant factors as then existing—including the notice and opportunity for Defendants to address or respond to Mr. Comer's expert report—in determining whether exclusion is required and/or a lesser sanction (or no sanction) is appropriate pursuant to Rule 37(c)(1).

## IV. The Sourze's Motion to Amend Its Initial Suggestions in Opposition (Doc. 485)

In its reply brief, Westport Development identified several incomplete or inaccurate citations in The Sourze's initial suggestions in opposition. (*See* Doc. 479 at 7-9.) The Court has previously addressed incomplete, inaccurate, and misleading citations found in Plaintiffs' briefing submitted to the Court. (*See* Doc. 476 at 32 n.32.)

For example, in the initial suggestions in opposition, The Sourze cites a case, "*Bonin v. Chadron Community Hospital*," providing the citation "28 F.4th at 1039-40," as an example of the Eighth Circuit "revers[ing] the exclusion of a late-disclosed expert because the sanction 'prevented the plaintiff from proving an essential element of her claim,' holding that such exclusion is 'manifestly unjust.'" (Doc. 469 at 5.) Rather than an Eighth Circuit case, as best as the Court can discern, the true and correct citation intended was to a case, *Bonin v. Chadron Community Hospital*, 163 F.R.D. 656 (D. Neb. 1995), in which the district court declined to strike the defendant's expert witnesses—which would have been warranted because the expert designations were materially incomplete—but instead imposed lesser sanctions permitting further expert discovery. More concerning, the quoted language in The Sourze's initial suggestions in opposition as attributed to *Bonin* does not appear at all in that order, nor could the Court locate any case in which the two quoted passages appear together.

Similarly, The Sourze's initial suggestions in opposition includes the following assertion: "The same principle appears in *Watson v. Argee Transportation Co.*, where the court reversed exclusion of damages evidence because it 'stripped the plaintiff of the ability to prove an essential element of the claim.' 378 F.3d 993, 999 (8th Cir. 2004)." (Doc. 469 at 5-6.) The correct citation is *Watson v. Argee Transport Co.*, No. 4:23-CV-00722-NCC, 2024 WL 1514294 (E.D. Mo. Apr. 5, 2024). The quoted language appears nowhere in the correctly cited case, and neither could the Court locate any case which included the quoted language. The Sourze's initial suggestions in opposition includes other incorrect, incomplete, and misleading citations and quotations to additional cases as well, as outlined in Westport Development's reply brief.

In its motion to amend, The Sourze states that after receiving Westport Development's reply, counsel "identified several quoted passages . . . [that] were inaccurately attributed to certain cases." (Doc. 485 at 1, ¶ 2.) The motion to amend states that "[t]hese inaccuracies were inadvertent and resulted from drafting errors." (*Id.*) Accordingly, The Sourze seeks leave to file a proposed amended brief (attached to its motion) that

> "(a) remove[s] any quotation not supported by the cited authority; (b) replace[s] those quotations with accurate holdings from controlling Eighth Circuit and Missouri precedent; (c) strengthens the legal argument using correct, verified citations; and (d) do[es] not expand the scope of the arguments made."

(*Id.* at ¶ 3.)  Because the Court denies Westport Development's motion under Rule 37(c)(1) at this juncture as explained above, the Court finds that The Sourze's motion for leave to file a supplemental and corrected brief is moot, and is therefore **DENIED**.

**V.    Order to Show Cause as to Plaintiff Counsel Cecilia J. Brown of the Law Firm Cecilia Nuby & Associates LLC Why Sanctions Should Not Be Imposed Under Rule 11(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's Inherent Authority**

As noted above, the issue of incorrect, incomplete, and misleading caselaw citations has been previously raised by several Defendants and addressed by the Court.  Against this background and at this juncture, further discussion and consideration is warranted upon review of The Sourze's motion to amend its suggestions in opposition and the proposed amended suggestions in opposition submitted to the Court by Plaintiff Counsel Cecilia J. Brown.  Despite having received notice that her filings to the Court have contained incorrect, incomplete, and misleading citations to caselaw, her most recent filing contains more of the same.  This is inexplicable to the Court given that Plaintiff Counsel Brown specifically filed her motion and proposed amended suggestions in opposition to "ensure accuracy and clarity of the record," (Doc. 485-1 at 1), and to include "correct, verified citations" with "accurate holdings from controlling Eighth Circuit and Missouri precedent," (Doc. 485 at ¶ 3).

**A.    Incorrect, Incomplete, and Misleading Citations**

**1.    Motion to Amend**

The motion to amend includes the following assertion:

> 8. Courts in this District routinely grant leave to correct citation inaccuracies to ensure the record is accurate and reliable.  *See, e.g.*, *Frakes v. Rone Trucking, Inc.*, No. 13-05032-CV-SW-DGK, 2014 WL 12616945, at *1-2 (W.D. Mo. Feb. 14, 2014)* [*sic*] (granting leave to amend expert-related filings where corrections were necessary and no prejudice would result).

(Doc. 485.)  Although the citation to *Frakes* appears to be correct, both the general proposition asserted prior to the case citation and the *Frakes*-specific proposition set out in the parenthetical are inaccurate and misleading in the context of this case.  The so-called "expert-related" issue in *Frakes* was the parties' requests to extend their expert-designation deadlines (a request the district court granted despite expressing significant reservations about plaintiff counsel's diligence and his failure to meet the deadline or request an extension to the deadline before it had expired).  2014 WL 12616945, at *2.  *Frakes* simply did not involve the correction or amendment of any "expert-related filings" or the correction of "citation inaccuracies."

7

### 2. Proposed Amended Suggestions In Opposition

Second, and even more concerning to the Court, are the numerous citation deficiencies and inaccuracies contained in the proposed amended suggestions in opposition itself. Upon review, the proposed amended suggestions in opposition presented to the Court and signed by Plaintiff Counsel Brown continues to present to the Court inaccurate citations,[4] attributes quotations to cases in which the quoted language is not found,[5] and misconstrues cited cases as supporting stated propositions.[6] These deficiencies, as the Court has previously noted, directly implicate counsel's duty of candor to the Court as well as professional and ethical obligations and responsibilities.

---

[4] The proposed amended suggestions in opposition includes a citation to a case, "*Earth to Go v. Midwest Coal*, 682 S.W.3d 424 (Mo. App. 2024)"; the correct citation is *Earth to Go v. City of Richland*, 706 S.W.3d 310 (Mo. Ct. App. 2025). (Doc. 485-1 at 4 n.1.) It also cites "*Rodriguez v. United States*, 823 F.3d 593, 600-01 (8th Cir. 2016)," but this citation does not appear to reference an actual case—the federal reporter citation (823 F.3d 593) references a case, *Foudy v. Miami-Dade County*, 823 F.3d 590, 593 (11th Cir. 2016). The Court could not locate any Eighth Circuit case from 2016 with the caption "*Rodriguez v. United States*."

[5] The proposed amended suggestions in opposition attributes two quotes to *Harvey v. Timber Resources, Inc.*, 37 S.W.3d 814, 818 (Mo. Ct. App. 2001): (1) "When a plaintiff sues for damages arising directly out of a breach of contract, he or she need not prove past profits or expenses," and (2) "loss is ascertainable with reasonable certainty from the breach and the profits claimed are not speculative or conjectural and were within the contemplation of the parties when the contract was made." (Doc. 485-1 at 4 n.2.) The quoted language is not found in *Harvey*, however, but instead is found in another case cited in the proposed amended suggestions in opposition, *BMK Corp. v. Clayton Corp.*, 226 S.W.3d 179, 195 (Mo. Ct. App. 2007). In addition, the proposed amended or corrected suggestions in opposition cites the "*Rodriguez v. United States*" case referenced above as supporting the following proposition including a purported quotation from *Rodriguez*: "The Eighth Circuit has repeatedly held that where one party has already met an accelerated disclosure deadline, and the opposing party is granted substantially more time to prepare its rebuttal, exclusion is not warranted because the extended schedule 'eliminates any meaningful risk of surprise or unfairness.'" (Doc. 485-1 at 7 n.4.) The Court could not locate the quotation attributed to "*Rodriguez v. United States*" (which does not appear to exist) to any federal or state decision contained in the Westlaw or Lexis databases.

[6] The proposed amended suggestions in opposition cites to a case, *Consultus, LLC v. CPC Commodities*, No. 19-cv-00821-FJG, 2023 WL 5827222, at *4-5 (W.D. Mar. 29, 2023), as supporting the assertion that "Courts within this District . . . apply tailored remedies, such as limiting testimony or striking discrete opinions, rather than imposing wholesale exclusion where lesser measures address any prejudice." (Doc. 485-1 at 2.) The cited opinion, however, does not concern potential exclusion under Rule 37(c)(1), but instead considers a *Daubert* challenge to expert testimony. The proposed amended suggestions in opposition cites another case in support of this proposition (with a "*see also*" signal), *Consultus, LLC v. CPC Commodities*, No. 19-cv-00821-FJG, 2023 WL 11950656 (W.D. Mo. Apr. 12, 2023), which did consider a Rule 37(c)(1) challenge but which found that the late-filed expert designation was not substantially justified or harmless and granted the motion to strike/exclude.

8

### B.     Conclusion

Accordingly, the  Court **ORDERS** that Plaintiff Counsel Cecilia J. Brown of the law firm Cecilia Nuby & Associates, LLC **SHOW CAUSE** why she should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent authority for the inaccurate, incomplete, and misleading citations (and accompanying assertions or propositions) identified in The Sourze's motion to amend and proposed amended suggestions in opposition as set out above.[7]  Plaintiff Counsel Brown's show-cause response should include a

_____

Similarly, the proposed amended suggestions in opposition cites a case, *Kudabeck v. Kroger Co.*, 338 F.3d 856, 861-63 (8th Cir. 2003), as directly supporting the proposition that "[t]he Eighth Circuit also holds that Rule 37(c)(1) is not a strict-liability rule: even where a disclosure is deficient, exclusion is improper if the opposing party had fair notice of the expert, the subject matter, and the substance of the opinions." (Doc. 485-1 at 3.)  *Kudabeck*, like the March 29, 2023 *Consultus* order, noted above, however, involved a *Daubert* challenge, not a Rule 37(c)(1) issue.

The proposed amended suggestions in opposition also cites a case, *Wagner v. Hesston Corp.*, 450 F.3d 756, 758-59 (8th Cir. 2006), as additional support for the general proposition noted above for which it directly relied on the "*Rodriguez v. United States*" citation (*see supra* n.7) and provides a parenthetical to the *Wagner* citation describing that case as "recognizing that timing-based objections lose force where the opposing party has ample time to respond." (Doc. 485-1 at 7 n.4.)  *Wagner*, like the March 29, 2023 *Consultus* order and *Kudabeck*, however, involved a *Daubert* challenge to an expert opinion and does not appear to address in any way a "timing-based objection[]" to an expert designation as relevant to a Rule 37(c)(1) challenge.

Finally, none of the four cases cited as supporting the proposition that "Courts routinely find a failure to disclose harmless where the opposing party has a fair opportunity to address the expert's opinions through discovery and cross-examination," (Doc. 485-1 at 8), are actually supportive of that assertion in any way: *Kudabeck*, 338 F.3d at 861-63 (*Daubert* challenge, not Rule 37(c)(1) issue); *Vanderberg*, 906 F.3d at 74-05 (affirming district court's finding that failure to timely disclose or designate an expert was not substantially justified and not harmless and ultimately excluding the subject expert testimony); *Wegener*, 527 F.3d at 693 (same); and *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006) (*Daubert* challenge, not Rule 37(c)(1) issue).

[7] Plaintiff Unikc's counsel, Stephen Williams, also signed some of the prior briefs in which the Court identified the same deficiencies and inaccuracies in the prior Order addressing, *inter alia*, Defendants' motions to dismiss and Plaintiffs' motion to amend the complaint.  The motion to amend and proposed amended suggestions in opposition, however, were filed only on behalf of Plaintiff The Sourze and were accordingly signed only by Plaintiff Counsel Brown.  The Court previously addressed the deficient and unprofessional briefing but gave counsel the benefit of all doubt and did not at that earlier time address the matter further.  While the problems identified in Plaintiffs' briefing are concerning and raise professional and ethical concerns, particularly concerning to the Court are the two filings addressed above which were presented to the Court after counsel received express notice (by opposing counsel and the Court) of inaccurate, incomplete, and misleading citations in Plaintiffs' submissions filed in this case and which were presented to the Court specifically to address the issue and to provide accurate and verified citations to legal authority.  While the Court directs this Order to Show Cause only to Plaintiff Counsel Brown—as the signing attorney for the motion to amend and proposed amended suggestions in opposition—nothing in this Order should be construed or understood to foreclose any other appropriate action by the Court regarding the submission of those earlier briefs, and any future brief or filing submitted to the Court that contains

declaration explaining (1) how she conducted legal research for and drafted the motion to amend The Sourze's suggestions in opposition and The Sourze's proposed amended suggestions in opposition, (2) what, if anything, she did to validate the citations (including the form of the citation, quoted language, and the stated holdings or explanations of the cited caselaw), (3) what, if anything, she did differently in researching and preparing the motion to amend and proposed amended suggestions in opposition in ostensibly attempting than her prior briefing to address the deficiencies identified by opposing counsel and the Court in those other filings, and (4) what specific procedures and steps will be implemented and followed to ensure that future filings submitted to the Court in this matter do not contain inaccurate, incomplete, or misleading citations to legal authority.  In addition to the required declaration, Plaintiff Counsel Brown is directed file a show-cause response brief, not to exceed a total of 15 pages, addressing why sanctions should not be imposed as considered above.  Plaintiff Counsel Brown's show-cause response (including both the declaration and the response brief) is due on or before **July 8, 2026**.

    **IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  June 22, 2026

---

similar inaccurate, incomplete, and misleading citation issues as the Court deems proper and necessary at a later time.